In re Raymond H. BERG, Debtor.

James E. BATEMAN,
Plaintiff/Appellant,

v.

William G. GROVER,
Defendant/Appellee.

BAP No. NC–82–1353–AsVE.
Bankruptcy No. 1–81–01211.
Adv. No. 1–82–0235.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 22, 1983.

Decided May 24, 1984.

Richard H. Travis, Jr., Travis & Travis, So. Lake Tahoe, Cal., for plaintiff/appellant.

Lynn Anderson Koller, Koller, MacConaghy & Owens, Emeryville, Cal., for defendant/appellee.

Before ASHLAND, VOLINN and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The Chapter 7 trustee brought suit against the appellant James E. Bateman and other individuals to quiet title to a particular piece of real property. The bankruptcy court issued an order granting summary judgment in favor of the trustee and denying Bateman's cross motion for summary judgment. The court also issued a judgment which stated that Bateman had no right, title or interest in the particular real property. Bateman now contests the order and judgment of the bankruptcy court.

We vacate and remand.

## FACTS

At the outset of this appeal, a preliminary issue was raised as to whether the appellant had timely filed his notice of appeal from the bankruptcy court's judgment. After reviewing supplemental briefs on the issue, this Panel concluded that Rule 54(b) of the *Federal Rules of Civil Procedure* was applicable, and held that the appellant's notice of appeal was timely. That issue is fully discussed in a separate Memorandum and Order issued by this Panel in November, 1983. We now proceed with the merits of the case.

*Appellant's interest in the property*

In January, 1975 Daryl R. Berg and Natalie Jennifer Berg were the apparent owners of the parcel in question. On January 24, 1975 the Bergs executed a deed of trust in favor of T.D. Arnold. The deed of trust was apparently to secure an indebtedness of $40,000, and was recorded February 28, 1975.

On February 22, 1978 a Notice of Default under the terms of the deed of trust was recorded. Then on May 8, 1979 an instrument was recorded which substituted M.W. Burton as trustee under the deed of trust. On June 8, 1979 Bateman purchased the property from M.W. Burton at a trustee's sale, apparently as a result of the Berg's default under the deed of trust. Bateman did not record his deed at this

time. It should be noted that no Notice of Trustee's Sale was recorded, although such notice was published.

### The debtor's interest in the property

In September, 1980 Gordon T. Chestnut and Nellie O. Bell were judgment creditors of the bankruptcy debtor Raymond H. Berg. They instituted an action in state court against Daryl and Natalie Berg, Raymond Berg, T.D. Arnold, M.W. Burton and others. They alleged that this piece of real property was really owned by Raymond Berg, their judgment-debtor. They contended that through fraudulent conveyances Raymond Berg had arranged for title to the property to be held in the name of others to keep it out of the reach of Raymond Berg's creditors. The Superior Court of California issued a judgment on March 26, 1981 which held that Raymond Berg was the true owner of the fee interest in the real property. The judgment also declared that Raymond Berg was the true owner of the beneficial interest granted to T.D. Arnold under the deed of trust. The judgment further allowed the plaintiffs Gordon T. Chestnut and Nellie O. Bell to levy against the interest of Raymond Berg. It should be noted that Bateman was not a party to this action, presumably because his deed was not reflected in the title reports prepared in September, 1980.

### The trustee's interest in the property

Raymond Berg had previously filed bankruptcy on June 11, 1975 in the Northern District of California. That case was closed on July 31, 1977. The property in question here was not involved in his previous bankruptcy because, at that time, title stood in the name of Daryl and Natalie Berg. On June 4, 1981, Raymond Berg applied to the bankruptcy court to reopen his case. An order was issued the same day reopening the estate. Nevertheless, on August 27, 1981 Raymond Berg filed a bankruptcy petition in the Eastern District of California. In September, 1981 the newly initiated case was transferred to the Northern District and consolidated with the now reopened case. It appears from the record that the trial court treated this case as one under the Bankruptcy Code.

On November 21, 1981 Bateman recorded his trustee's deed to the property.

On April 26, 1982 the bankruptcy trustee of the debtor's estate instituted a quiet title action against Bateman, Daryl and Natalie Berg, and T.D. Arnold in the bankruptcy court. The complaint alleged that the debtor's estate was the owner of the parcel, by operation of law, as a result of the Superior Court judgment. In July, 1982 the trustee brought a motion for summary judgment alleging, as against Bateman, that the trustee could avoid Bateman's interest in the property under § 544(a)(3). Bateman filed a cross motion for summary judgment. The bankruptcy court granted the trustee's motion, denied Bateman's motion, and issued a judgment to the effect that Bateman had no interest in the property. Bateman filed his Notice of Appeal to this Panel.

While this appeal was pending, the trustee obtained an order from the court authorizing the sale of the subject property. That sale has been consummated, and the proceeds have been disbursed by the trustee for payment of administrative expenses. A chronology of events is attached as an Appendix.

### ISSUES

1. Is this appeal moot since the property has been sold and the proceeds distributed?

2. Was the trial court incorrect in its application of § 544(a)(3)?

3. Does California state law require a ruling in the trustee's favor?

### ANALYSIS

#### 1. Mootness

■ The trustee contends that the subsequent sale of the property makes this appeal moot. He contends that Bateman failed to obtain a stay pending appeal and thereby foreclosed his remedy. The trustee points to former Rule 805 and its suc-

cessor Rule 8005 for the proposition that an appellate court cannot set aside an order authorizing the sale of property if the appellant failed to obtain a stay pending appeal. The problem with this argument is that Bateman is not appealing the order authorizing sale of the property. He is appealing the order of the court quieting title in the trustee. (Appellant apparently had no notice that the property had been sold and argues that he would have applied for a stay if he had had notice. Since appellant is not a creditor of the estate, it seems likely that he would not receive notice of the sale of the property.) Thus, Rule 805 or 8005, is inapplicable by a literal reading of its terms.

The trustee also argues that this appeal should be dismissed as moot because it would be inequitable to undo the sale at this late date. Appellant rejects this, stating that the court can require the trustee to pay a sum which would represent his share of the proceeds derived from the sale.

■ We conclude that this appeal is not rendered moot by the subsequent sale of the property. The appellant's failure to obtain a stay pending appeal may preclude a revesting of title to the property, but it does not preclude an award of damages to the appellant. *See, Foreman & Clark Corp. v. Fallon*, 3 Cal.3d 875, 479 P.2d 362, 367, 92 Cal.Rptr. 162, 167 (1971).

### 2. *Application of § 544(a)(3)*

There seems to be no question that Bateman held good title to the property even though the title of his grantor was later voided. Bateman argues that he is a bona fide purchaser under California laws, and the trustee does not dispute that. The trustee contends that Bateman's interest is avoidable under § 544(a)(3).

Section 544(a)(3) provides that, upon the filing of the case, the trustee attains the status of a hypothetical bona fide purchaser and can avoid any transfer of the debtor's property that is unperfected on the date of filing. The trustee contends that Superior Court judgment had the effect, by operation of law, of making this property of the debtor's estate. He further argues that since Bateman's deed was unrecorded at the time of the bankruptcy filing, he can avoid the transfer of the property to Bateman.

Bateman argues that, while his deed was unrecorded, the trustee was still on constructive notice (and a bona fide purchaser would also be on such notice) that someone may have an interest in the property. He points to the Notice of Default and Substitution of Trustee which were reflected in the title report and suggests that these items would put a bona fide purchaser on notice of a possible conveyance of the property.

The trial court impliedly found that the trustee was not put on constructive notice of Bateman's interest. At the outset, we note an issue which was not raised by the parties, i.e., whether the trial court erred in treating this piece of real property as an asset of the debtor's estate in the Bankruptcy Code case.

In June, 1975 Raymond Berg filed bankruptcy under the Bankruptcy Act of 1898. His case was closed in July, 1977. The property in question here was not administered in his Act bankruptcy because title stood in the name of Daryl and Natalie Berg. Daryl and Natalie acquired record title to the property in January, 1975. In March, 1981 the California Superior Court determined that Daryl and Natalie acquired title to the property via a fraudulent conveyance from Raymond Berg. The date on which Daryl and Natalie acquired title is presumably the date of the fraudulent conveyance. It appears, therefore, that this piece of property should have been administered through Raymond Berg's Act bankruptcy, and presumably would have been administered had its existence been disclosed.

"When new assets are discovered following the close of a bankruptcy case the proper procedure is to apply to the bankruptcy court to reopen the case pursuant

to Bankruptcy Rule 515, for administration of the assets."

*Scharmer v. Carrollton Mfg. Co.*, 525 F.2d 95 (6th Cir.1975) adopted by 9th Circuit in *Stein v. United Artists Corp.*, 691 F.2d 885, 891–892 (9th Cir.1982).

■ Raymond Berg, and consequently the trustee of his Code bankruptcy, cannot now assert title to this property based on the fact that the property was not administered in Raymond Berg's Act bankruptcy:

"It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it."

*First National Bank v. Lasater*, 196 U.S. 115, 119, 25 S.Ct. 206, 208, 49 L.Ed. 408 (1905).

Raymond Berg's interest in this property remained with the trustee of his Act bankruptcy case even though the trustee was unaware of its existence:

"By operation of law, the trustee is vested with title to all of the bankrupt's property at the time the bankruptcy petition is filed.... Unless property is abandoned or intentionally revested, title generally remains in the trustee. Abandonment requires affirmative action or some other evidence of intent by the trustee.... In cases which concern ownership of assets not listed in Chapter X bankruptcies, the courts reason that abandonment results only when the trustee knows of the existence of the property, so that, at the least, an intent to disclaim can be inferred. When the bankrupt fails to list an asset, he cannot claim abandonment because the trustee has had no opportunity to pursue the claim." (Citations omitted)

*Stein v. United Artists Corp.*, 691 F.2d 885, 890–891 (9th Cir.1982).

In June, 1981 Raymond Berg did apply to the bankruptcy court to reopen his Act case. That application was granted. Nonetheless, Raymond Berg also initiated a Code case by filing a petition in August, 1981. Both of these bankruptcy cases were consolidated by the trial court for administration "only in as much as the assets in the [Code] proceeding are the same as the assets in the [Act] proceeding." It appears that the appellee is the duly appointed trustee of both Raymond Berg's Act case and his Code case. The trial court allowed the trustee to exercise the avoidance powers granted to him under the Code with respect to this property, which we have already concluded is an asset of the Act bankruptcy estate. This was error by the trial court. The Act and Code estates are two separate and distinct entities which are exclusive of one another. This property cannot be an asset of both estates simultaneously. We conclude that this property is an asset of the Act estate and find that the trial court erred in allowing the trustee to administer this property by exercising powers granted to him under the Code. This result is not changed by the fact that the trustee in the Act case and the trustee in the Code case are the same person. The trustee has different powers and duties with respect to each estate. Most notably, the trustee would not be vested with the avoidance power of a hypothetical bona fide purchaser under the Bankruptcy Act.

### 3. *California state law*

The trustee argues that the bankruptcy court must give full faith and credit to the judgment of the California court which essentially put title to the property in the debtor. At the time this state court action was filed, a lis pendens was recorded as to the property in question. The trustee then goes on to argue that California *Civil Code* § 1214 voids appellant's title since it was recorded after the *lis pendens*.

The trustee cites *Evarts v. Jones*, 127 Cal.App.2d 623, 274 P.2d 185 (1954) for the proposition that title acquired prior to the recordation of a *lis pendens* is voided if not perfected prior to the recordation of the *lis pendens*. Bateman argues that the trustee does not qualify as a subsequent bona fide

purchaser under the statute (CC § 1214) because the trustee was put on notice of Bateman's interest by the recorded Notice of Default.

This argument was presented to the trial court, but the trial court never reached it because it agreed with the trustee on the applicability of § 544(a)(3). We, therefore, decline to decide this issue and remand to the trial court for a proper determination.

## CONCLUSION

The trial court erred in allowing the trustee to exercise avoidance powers granted to him under the Bankruptcy Code with respect to a piece of property which should be administered under the Bankruptcy Act.

The order and judgment of the trial court is vacated and this case remanded for proceedings consistent with this opinion.

### CHRONOLOGY

(AtER = Appellant's Excerpts Record
AeER = Appellee's Excerpts Record)

| DATE | EVENT | SOURCE OF INFORMATION |
|---|---|---|
| 08/12/69 | Gordon T. Chestnut obtains judgment against Raymond H. Berg in state court for $325,000.00 | complaint allegation—AtER 11 |
| 10/27/69 | Gordon T. Chestnut records abstract of judgment in Sacramento County | complaint allegation—AtER 11 |
| 11/01/73 | Daryl R. Berg & Natalie J. Berg record their deed to the property which is subject to this action. Property was conveyed to them by Wilbert & Gladys Smith | title report—AtER 130 |
| 01/01/75 | Daryl R. Berg & Natalie J. Berg execute a deed of trust in favor of T.D. Arnold secured by the property | deed of trust—AtER 109 prom. note—AtER 108 |
| 02/28/75 | T.D. Arnold records the deed of trust | title report—AtER 131 |
| 06/11/75 | Raymond H. Berg files bankruptcy in Northern District | petition—AeER 29 |
| 02/17/76 | Gordon T. Chestnut's judgment against Raymond H. Berg is determined to be non-dischargeable | complaint allegation—AtER 11 |
| 07/31/77 | Raymond H. Berg's bankruptcy case is closed | complaint allegation—AeER 26 |
| 02/22/78 | T.D. Arnold records a notice of Default under the deed of trust | title report—AtER 131 Notice—AtER 121–122 |
| 04/25/78 | Gordon T. Chestnut & Nellie O. Bell obtain judgment against Raymond H. Berg for $545,000.00—renewal of prior judgment | complaint allegation—AtER 11 |
| 05/01/79 | T.D. Arnold posts Notice of Trustee's Sale on property and on courthouse bulletin board | affidavit—AtER 128 |
| 05/08/79 | T.D. Arnold records Substitution of Trustee under deed of trust—M.W. Burton substituted in | Sub. of Trustee—AtER 120 title report—AtER 131 |
| 05/09/79 | M.W. Burton mails Notice of Trustee's Sale to Daryl R. and Natalie J. Berg | Notice & mail receipts—AtER 123, 124 & 127 |
| 05/10/79 05/17/79 05/24/79 | M.W. Burton publishes Notice of Trustee's Sale in "Sacramento Union" for 3 consecutive weeks—sale scheduled for 5/31/79 | Decl. re newspaper—AtER 125, 126 |
| 05/31/79 | James Bateman purchases property from M.W. Burton at Trustee's sale | purchase receipt—AtER 110 |
| 06/08/79 | M.W. Burton conveys property to James Bateman | trustee's deed—AtER 111 |
| 07/14/80 | Gordon T. Chestnut & Nellie O. Bell record abstract of judgment | title report—AtER 116 |
| 09/18/80 | Title report reflects title to property in Daryl R. & Natalie J. Berg | title report—AtER 99 AtER 103 |
| 10/20/80 | Gordon T. Chestnut & Nellie O. Bell file complaint in Superior Court based on fraudulent conveyance of the property | summons & complaint—AtER 8–17 |
| 10/20/80 | Gordon T. Chestnut & Nellie O. Bell record Notice of Pendency of Action | notice AtER 98 |
| 03/26/81 | Gordon T. Chestnut & Nellie O. Bell obtain judgment—court holds that fee interest in the property is really in Raymond H. Berg; also, beneficial interest under deed of trust is really Raymond H. Berg's | judgment—AtER 18 |
| 06/04/81 | Raymond H. Berg files application to reopen bankruptcy estate | application—AeER 26–27 |
| 06/04/81 | Judge Brown issues order reopening Raymond H. Berg's estate | order—AeER 28 |
| 08/21/81 | Raymond H. Berg files voluntary petition in Eastern District | petition—AeER 30 |
| 09/03/81 | Judge Dahl transfers case back to Northern District where first case was reopened | order—AeER 31–32 |
| 11/20/81 | James Bateman records his trustee's deed | deed—AtER 111 title report—AtER 116 |
| 12/04/81 | Judge Brown signs order consolidating both of Raymond H. Berg's bankruptcy cases | order—AeER 35 |
| 12/23/81 | Title report reflects title to property held by Trustee in bankruptcy | title report—AtER 113 |
| 02/16/82 | James Bateman telegrams Judge Brown to notify him of his interest in the property | telegram—AtER 23 |
| 02/24/82 | James Bateman writes letter to Judge Brown again notifying him of his interest in the property | letter—AtER 24–25 |
| 03/02/82 | Title report reflects title to property in bankruptcy estate of Raymond H. Berg | title report—AtER 38 |

| DATE | EVENT | SOURCE OF INFORMATION |
|---|---|---|
| 04/26/82 | Trustee of Raymond H. Berg's bankruptcy estate brings suit to quiet title to the property | summons & complaint AtER 26–32 |
| 05/21/82 | James Bateman answers trustee's complaint | answer—AtER 33–37 |
| 05/24/82 | Daryl R. Berg & Natalie J. Berg answer the trustee's complaint | answer—AtER 57–59 |
| 06/21/82 | Trustee files motion for summary judgment | motion—AtER 60–74 |
| 07/05/82 | James Bateman responds to trustee's motion and files cross-motion for summary judgment | cross-motion—AtER 75–97 |
| 07/23/82 | Judge Brown issues order granting trustee's motion and denying Bateman's motion. Also issues judgment and findings | order, judgment, findings—AtER 2–7, AeER 1 |
| 08/19/82 | James Bateman files notice of appeal | notice—AtER 161–162 |
| 06/16/83 | Judge Brown issues order confirming sale of the property | order—AeER 36–37 |
| 06/27/83 | Trustee sells property pursuant to order—uses proceeds to pay administrative expenses | trustee's brief—pg. 5 |