TJOFLAT, Circuit Judge:
Eliseo J. Matos and Margarette W. Matos (debtors) guaranteed a note to Gwinnett Bank & Trust Company (Gwinnett Bank) and gave a mortgage on certain real property to secure the debt. On April 20, 1984, the debtors filed a petition pursuant to chapter 11 of the bankruptcy statute and were continued in possession of their estate. The note and mortgage held by Gwinnett Bank were in default and Gwinnett Bank moved the bankruptcy court to set aside the automatic stay, see 11 U.S.C. § 362 (1982), and allow it to pursue its available state law remedies and foreclose on the property and mortgage. The debtors opposed the motion to lift the automatic stay, raising a challenge to the validity of the mortgage as against a debtor in possession. They alleged that the mortgage was recorded in violation of Ala. Code § 35-4-110 (1975)[1] and was therefore subject to the debtors’ avoidance power as provided in 11 U.S.C. § 544 (1982).
On November 27, 1984, the bankruptcy court issued an order setting aside the automatic stay and allowing Gwinnet Bank to proceed to foreclose on the mortgage. The bankruptcy court denied the debtors’ motion for reconsideration of its order but granted the debtors’ motion for a stay of foreclosure pending appeal. The debtors filed a notice of appeal to the district court and Gwinnett Bank moved the district court for an order requiring the debtors to post a bond pending appeal. The district court granted the motion and the debtors posted the required $6,000 bond. On June 26,1985, the district court affirmed the decision of the bankruptcy court to set aside the automatic stay and allow Gwinnett Bank to foreclose on the property. The district court subsequently denied the debtors’ motion for rehearing. On July 12, 1985, the debtors moved the district court to stay its judgment pending appeal. The district court granted the motion for a stay upon the condition that the debtors post a bond in the amount of $20,000. The debtors filed a notice of appeal on July 25, 1985, but failed to post the bond required by the district court as a condition to obtaining a stay of its judgment.[2] Gwinnett Bank subsequently instituted foreclosure proceedings and purchased the property itself at a public auction.
It is settled law in this circuit that when the debtor fails to obtain a stay pending appeal of the bankruptcy court’s or the district court’s order setting aside an automatic stay and allowing a creditor to foreclose on property, the subsequent foreclosure and sale of the property renders moot any appeal. Marksiein v. Massey Associates, 763 F.2d 1325 (11th Cir.1985); In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294 (11th Cir.1984).[3] This rule of *866 law, which is premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court’s inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal, is fully applicable to this case. Accordingly, the appeal must be dismissed as moot.
DISMISSED.

. Ala. Code § 35-4-110 (1975) provides that no probate judge shall record any instrument encumbering the title to real property unless the instrument contains the name and address of the individual who prepared it.

. The debtors have not contested the district court’s requirement that a bond be posted as a condition to obtaining a stay.

. It is true that in considering whether to lift the automatic stay both the bankruptcy court and the district court rejected the debtors’ argument that Gwinnett Bank’s mortgage was subject to the debtors’ avoidance power as provided in 11 U.S.C. § 544 (1982). The issue for decision, however, was whether to grant Gwinnett Bank’s motion to set aside the automatic stay. In deciding this question, one factor the courts looked to was the strength of the debtors’ section 544 defense to the validity of the mortgage. This is not a case, however, where the bankruptcy court was called upon to adjudicate the validity of title to the property. Illustrative of this point is In re Berg, 45 B.R. 899 (Bankr. 9th Cir.1984), where a chapter 7 trustee brought a suit to quiet title to property. The bankruptcy court entered judgment quieting title in the trustee and an appeal was taken by a party who claimed an interest in the property. The trustee sold the property while the appeal was pending. A bankruptcy panel of the Ninth Circuit Court of Appeals held that the subsequent sale of the property did not moot the appeal from the order quieting title in the trustee. The court distinguished the case from one involving an appeal from a court order authorizing the sale of property, which would become moot if the property was sold pending appeal. Although the appellant in Berg could not, once the property had been sold, obtain a revesting of title, he *866 could, if the appellate court reversed the bankruptcy court, obtain an award of damages from the trustee.