**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WILLIAM P. BENDER, | No. 11-60006 |
| Debtor. | BAP No. 10-1121 |
| WILLIAM P. BENDER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| DIANE M. MANN, Chapter 7 Trustee; THE WARREN AND ROSALIE GUMMOW TRUST, | |
| Appellees. | |

| | |
|---|---|
| In re: WILLIAM P. BENDER, | No. 11-60007 |
| Debtor. | BAP No. 10-1122 |
| CONGREJO INVESTMENTS, LLC, | |
| Appellant, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

DIANE M. MANN, Chapter 7 Trustee,

Appellee.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Bauer, Bankruptcy Judges, Presiding

Submitted April 16, 2012[**]
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and GRABER, Circuit Judges.

I

In No. 11-60007, Congrejo Investments, LLC challenges the bankruptcy court's order avoiding the transfer of property from William P. Bender, Debtor, to Congrejo. The Trustee filed a motion to dismiss this appeal as moot because the property at issue has now been sold to a purchaser in good faith.

We deny the motion to dismiss. Though the sale of the property cannot be undone because no stay order was sought, *see* 11 U.S.C. § 363(m), relief could still be awarded in the form of damages, *see, e.g.*, *In re Berg*, 45 B.R. 899, 902 (B.A.P.

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

9th Cir. 1984), assuming that the estate contains additional property, *see In re Filtercorp, Inc.*, 163 F.3d 570, 577–78 (9th Cir. 1998).

On the merits, the bankruptcy court properly applied equitable tolling to the Trustee's avoidance action. The court found that Bender actively concealed his interest in and conveyance of the property, that the Trustee did not discover the conveyance until five months after the deed was executed, and that the Trustee diligently investigated the estate's possible claim to the property. These findings are supported by the record and are not clearly erroneous. Applying equitable tolling in these circumstances is proper. *See, e.g.*, *In re Olsen*, 36 F.3d 71, 73 (9th Cir. 1994). Tolling rescues the Trustee's otherwise time-barred claim, *see Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193–95 (9th Cir. 2001) (en banc), and the avoidance order must be affirmed.

## II

In No. 11-60006, Bender appeals the bankruptcy court's order overruling his objection to the William and Rosalie Gummow Trust's proof of claim. Because Bender presents this appeal as contingent on the reversal of the avoidance order, which we instead affirm, we grant the motion to dismiss this appeal as moot. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

No. 11-60007 is **AFFIRMED** and No. 11-60006 is **DISMISSED**.