Filed 11/14/23 Roger v. County of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DOUGLAS J. ROGER,<br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF RIVERSIDE et al.,<br>　　　　Defendants and Respondents. | E078274<br><br>(Super.Ct.No. PSC1501512)<br><br>OPINION |
| REVERE FINANCIAL CORPORATION,<br>as Liquidating Trustee, etc.,<br>　　　　Real Party in Interest and Appellant,<br><br>v.<br><br>COUNTY OF RIVERSIDE,<br>　　　　Defendant and Respondent. | E079188 |

APPEAL from the Superior Court of Riverside County. Irma P. Asberry and

Carol A. Greene, Judges.* Reversed and remanded with directions.

---

* Judge Asberry ruled on the ex parte application for leave to join an additional plaintiff, and Judge Greene ruled on both the motion for summary judgment and demurrer.

1

Slovak Baron Empey Murphy & Pinkney and Shaun M. Murphy for Plaintiff and Appellant Douglas J. Roger.

Fraley & Associates and Franklin R. Fraley for Real Party in Interest and Appellant Revere Financial Corporation.

Disenhouse Law; Bruce E. Disenhouse; Arias & Lockwood and Christopher D. Lockwood for Defendants and Respondents.

Plaintiff and appellant Douglas Roger (Roger), an orthopedic surgeon, sued defendant and respondent County of Riverside (sued as itself and as Riverside County Sheriff's Department, herein the county) and Stanley Sniff, Jr. (erroneously sued as Stanley Sniff) after they falsely reported his civil contempt as a felony charge. In an earlier action, *Revere Financial Corp. v. Douglas J. Roger*, *et al*. (Riverside Super. Ct. case No. INC092308) (contract litigation),[1] the superior court held Roger in civil contempt (Code Civ. Proc. § 1209, subd. (a)(5)) for refusing to produce his patients' medical records in discovery and remanded him to jail. When the sheriff's department booked him into custody, they incorrectly entered his civil violation in their electronic database as a felony charge; they reported that inaccurate charge to the California Department of Justice (DOJ), creating a false criminal record for him. Thus, Roger initiated this action against defendants for, inter alia, defamation (defamation action); he

---

[1] On July 22, 2022, we reserved ruling on respondents' request for judicial notice. We grant the request to take judicial notice of documents filed in both the contract litigation and the bankruptcy action, *In re Roger* (U.S. Bankruptcy Ct. case No. 6:13-bk-27611-MH). (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.252.)

2

sought damages for the loss of a 12-year, lucrative hospital contract because of their error.  (*Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 514 (*Roger I*).)

Nine days after he was booked into custody, but prior to initiating this defamation action, Roger filed a petition in the bankruptcy action under chapter 7 of the United States Bankruptcy Code.  In that action, he was required to provide, and update via amendments, his schedules of all assets, including actual and potential lawsuits.  When Roger subsequently initiated this defamation action, he failed to include it in his amended schedules.  The county and Sniff moved for and were granted summary judgment on the grounds Roger lacked standing because his claims belonged to the bankruptcy estate.  In response, Roger successfully moved to amend the operative pleadings to join the liquidating trustee, Revere Financial Corporation (RFC), as a real party in interest.  The county demurred, and the hearing on the demurrer was held after summary judgment was entered in favor of the county.  Since judgment had been entered in the county's favor, the court sustained the demurrer without leave to amend because there were no viable causes of action against defendants, and there were no defendants left in the defamation action.  Judgment of dismissal was entered against RFC.

Both Roger and RFC appeal.  In case No. E078274, Roger challenges the summary judgment entered in favor of the county.  In case No. E079188, RFC challenges the judgment of dismissal.  The two appeals have been consolidated for purposes of oral argument and decision, with case No. E078274 designated the master file.  Both parties contend the trial court abused its discretion in denying Roger's request to allow the substitution of RFC as the real party in interest.  We agree and reverse.

3

I.  PROCEDURAL BACKGROUND AND FACTS

A.  *The Underlying Facts*

In 2013, Roger was a defendant in the contract litigation that involved the collection of a commercial note related to a real estate transaction.  The court-appointed receiver in that case was granted a discovery order to access Roger's assets, including the medical records of his current and past patients.  (*Roger I*, *supra*, 44 Cal.App.5th at p. 515.)  On October 16, 2013, the superior court issued an order compelling Roger to produce the medical records, held him in contempt for failing to comply with the order, and remanded him to jail.  (*Ibid.*; Code Civ. Proc. § 1209, subd. (a)(5) [contempt of the authority of the court includes the "[d]isobedience of any lawful judgment, order, or process of the court"].)  That same day, at the Larry D. Smith Correctional Facility, an unidentified county employee entered in the jail information management system (JIMS) that Roger was booked on felony contempt.  This entry was forwarded to the DOJ, published worldwide, and available to anyone using the Internet.  This publication identified Roger as a person in "CONTEMPT OF COURT," without reference to it being contempt of a civil discovery order, and listed the type of crime as a felony, even though it is a civil violation.

Roger was released on December 6, 2013.  While in custody, on October 25, he initiated the bankruptcy action.  The bankruptcy schedules required him to list all assets, including actual and potential lawsuits.  He provided, and amended, these schedules several times.  He also filed an initial and amended statement of financial affairs.

4

In 2014, Roger lost contracts for orthopedic services because of the false information that had been transmitted to the DOJ and published as part of his permanent record. When defendants refused to take corrective action to remove this false information about his criminal history, and he could not obtain an order from the superior court to correct the legally inaccurate record, he initiated this defamation action on April 1, 2015, to recover damages for injury to his reputation. According to the fifth amended complaint, his claims for defamation and defamation per se are based on the felony publication in JIMS, which was viewed or made known to members of the healthcare community.

On March 2, 2021, defendants filed a motion for summary judgment (MSJ) on the grounds that Roger lacks standing because his causes of action belong to the bankruptcy estate, and the real party in interest is the bankruptcy trustee.[2] Ten days later, Roger disclosed this action to the bankruptcy court. Hearing on the MSJ was continued, and on July 16, Roger moved, ex parte, to join RFC (trustee of the liquidating trust) as an additional plaintiff to pursue claims, or any portion thereof, that may belong to the liquidating trustee in the bankruptcy proceeding. The trial court (Judge Asberry) denied the request for an ex parte hearing "for lack of good cause. Applicant has not made an affirmative factual showing of irreparable harm, immediate danger, or statutory basis for granting ex parte relief as required by California Rules of Court, Rule 3.1202(c). Notice motion is required."

---

[2] On November 24, 2020, Roger dismissed Sniff from the case.

On August 10, 2021, Roger moved for leave to file a sixth amended complaint (6AC) to join the RFC as a plaintiff/real party in interest; a hearing on the motion was set for October 19, 2021. Roger explained that his bankruptcy attorney was aware of the defamation action but "never advised [him] that [he] needed to amend [his] bankruptcy schedules to include the claims against the [county]." A *settlement had been reached in the bankruptcy action*, and *Roger provided the court with copies of the liquidating trust agreement and the order approving the settlement*. Pursuant to these documents, the *liquidating trustee is RFC*. The liquidating trust assets (aka transferred assets) include: "all causes of action, claims, choses in action and any rights of recovery whatsoever . . . that the Roger Estate [(bankruptcy estate)] now owns or owns in the future."

According to the liquidating trust agreement, the bankruptcy trustee and RFC agreed the bankruptcy trustee "shall transfer and shall be deemed for all purposes, without further action, to have transferred the Transferred Assets, regardless of when the Transferred Assets are created, from the [bankruptcy estate] to the Liquidating Trust, to be held, administered, and liquidated for the benefit of the Beneficiaries pursuant to the terms of this Liquidating Trust Agreement." The *liquidating trustee* (*again RFC*) *has "exclusive authority" over the transferred assets*. It may "take such steps as [it] deems reasonable to liquidate the Transferred Assets, including, but not limited to commencing litigation . . . ." Furthermore, the *order approving the settlement provided that the bankruptcy trustee* "shall be deemed to have automatically abandoned all unliquidated Assets . . . and specifically excluding only . . . the Liquidating Trust Assets, effective immediately on the Approval Date, to the extent that the [bankruptcy] Trustee has not previously done so,

6

without further action by any Person or entry of any order by the Bankruptcy Court other than the Settlement Order." Moreover the bankruptcy trustee abandoned "any Liquidating Trust Assets that the Liquidating Trustee, in [its] sole and absolute discretion, transfers back to the [bankruptcy trustee] pursuant to the Liquidating Trust Agreement and that RFC, in [its] sole and absolute discretion, designates in writing for the [bankruptcy trustee] to abandon unless the [bankruptcy trustee] chooses to actively prosecute that Liquidating Trust Assets for [Roger's bankruptcy estate]."

Hearing on the county's MSJ was held on August 24, 2021. The trial court (Judge Greene) acknowledged Roger's motion to file the 6AC to add the liquidating trustee as a party in interest, however, it reasoned that "[e]ven if the court grants that motion, [Roger] still would not have standing to bring this claim unless and until the [bankruptcy] trustee abandons the claim. There is no reason, then, to continue this hearing until the court decides the motion for leave to amend." Proceeding with the hearing, the court granted the MSJ on the grounds Roger lacks standing to pursue the defamation claims because they belong to his bankruptcy estate. Six days later, the court (Judge Greene) granted Roger's ex parte application to advance the hearing on his motion for leave to file the 6AC. Roger filed the 6AC on October 1, 2021, joining RFC as a real party in interest to pursue the defamation claims. The county demurred, and RFC filed an opposition. A hearing on the demurrer was not held until after the court entered judgment in favor of the county and against Roger.

On March 3, 2022, the trial court sustained the county's demurrer to the 6AC without leave to amend on the grounds that after entry of judgment on December 2, 2021,

7

"there are no causes of action left against Defendants." The court added, "At the time of the MSJ, [Roger] had a pending motion for leave to file an amended complaint to add [RFC] as a party in interest. In the court's ruling on the MSJ, the court noted that '[e]ven if the court grants [the motion for leave to file an amended complaint], [Roger] still would not have standing to bring [the defamation claims] unless and until the [bankruptcy] trustee abandons the claims.' (9/16/21 Order; page 6 of tentative rulings.) That is the issue now. [¶] [Roger] has now added [RFC] as 'an involuntary plaintiff and a nominal defendant' (Sixth Amended Complaint ¶4). But there is no allegation in the 6AC that [RFC] has abandoned the claims which would give Plaintiff the right to assert them. The 6AC alleges that [RFC] 'is negotiating an abandonment of the claims within the bankruptcy cause of action so that the claims will revert to Plaintiff.' (¶4.) This means the claims have not reverted to [Roger] and [Roger] is not entitled to assert them. Plaintiff still lacks standing. The demurrer should be sustained for this reason alone. [¶] Additionally, [RFC] is only a 'nominal defendant' and, until it filed its Opposition, was not participating in the case. But, as Plaintiff notes in the 6AC, [RFC] is a plaintiff, albeit an 'involuntary' one. . . . This means there is no actual defendant in the case. County and Sniff brought a motion for summary judgment that was granted. The court entered judgment in Defendant County and Defendant Sniff's favor against Plaintiff Roger on December 2, 2021. On December 22, 2021, Roger filed a notice that he is appealing that judgment. As it currently stands, there are no defendants left. [Roger], who lacks standing, and [RFC], an involuntary plaintiff, do not have any defendants left in the action to assert claims against. This cannot be cured. The new Opposition from [RFC] does not

8

change the analysis. The demurrer is sustained without leave to amend." Judgment was entered against RFC.

## II. DISCUSSION

On appeal, Roger does not challenge the decision granting summary judgment based on lack of standing. Rather, he contends the trial court erred in refusing to join RFC, the real party in interest, before ruling on the MSJ. He also argues the merits of why the county was not entitled to summary judgment. RFC joins in Roger's arguments regarding the court's failure to join RFC as the real party in interest prior to ruling on the MSJ and entering judgment in favor of the county. RFC further challenges the court's ruling on the county's demurrer. As we explain, the trial court abused its discretion in refusing Roger's request for leave to join RFC prior to ruling on the MSJ.

### A. *Roger Lacks Standing to Pursue His Claims Against the County.*

"The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate. (See 11 U.S.C., §§ 541(a)(1) and 323; see also, e.g., *United States v. Whiting Pools, Inc.* (1983) 462 U.S. 198, 203-203, fn. 9 . . . ['a broad range of property,' including causes of action, is included in the bankruptcy estate].)" (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1001 (*Cloud*).) This includes a claim for injuries to the person, even if such a claim is unliquidated at the time the bankruptcy petition is filed. (*Sierra Switchboard Co. v. Westinghouse Electric Corp.* (9th Cir. 1986) 789 F.2d 705, 708-709.) The trustee in the bankruptcy, who is the representative of the bankrupt estate, automatically succeeds to all causes of action held by the debtor at the

9

time the bankruptcy petition was filed.  (*Cloud*, at p. 1001.)  This allows for the trustee to affect an orderly liquidation and distribution of assets to the creditors.

"Under federal decisional authority, a chapter 7 debtor may not prosecute on his or her own a cause of action belonging to the bankruptcy estate unless the claim has been abandoned by the trustee.  [Citations.]  Federal Rule of Civil Procedure 17 (28 U.S.C.), made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure, rule 7017 (11 U.S.C.), requires that 'every action shall be prosecuted in the name of the real party in interest.'  The trustee controls the bankruptcy estate, therefore, she or he is the real party in interest with standing to sue.  [Citations.]  California Code of Civil Procedure section 367 is to the same effect as the federal rule.  It provides:  "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute.'  (Code Civ. Proc., § 367.)  [¶]  There is decisional authority in California which is consistent with federal law.  That is, absent abandonment of the claim by the trustee, a debtor out of possession has no standing to prosecute a cause of action which has passed to the bankruptcy estate." (*Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1081, fn. omitted.)

When a pending cause of action becomes property of the bankrupt estate, the bankruptcy trustee may intervene or move to be substituted as party plaintiff.  (*Danielson v. ITT Industrial Credit Co*. (1988) 199 Cal.App.3d 645, 653.)  The bankruptcy court may permit the trustee to continue to prosecute the cause of action in the debtor's name. However, the debtor may regain lost standing to pursue the cause of action if the bankruptcy trustee abandons the cause of action.  The trustee may unilaterally abandon

property that is "burdensome . . . or . . . of inconsequential value," or the bankruptcy court may order the trustee to abandon property, but only after notice to all creditors and a hearing. (11 U.S.C. § 554(a), (b).) Alternatively, if the cause of action has been included in the debtor's schedule of assets, but has not been administered at the time the debtor is discharged, it will be deemed abandoned by operation of law. (11 U.S.C. § 554(c).) Abandonment does not otherwise occur because of inaction by the trustee. (*In re Berg* (Bankr. 9th Cir. 1984) 45 B.R. 899, 903; *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, *supra*, 789 F.2d at p. 709.)

"[P]roperty not formally scheduled in the bankruptcy proceeding is not abandoned at the close of the bankruptcy proceeding . . . ." (*M & M Foods*, *Inc. v. Pacific American Fish Co.*, *Inc.* (2011) 196 Cal.App.4th 554, 563; see 11 U.S.C. § 554(d).) If a debtor "failed properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor]" upon discharge. (*Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 945-946.)

The record in the case before us indicates that Roger's claims for defamation and defamation per se against the county accrued on October 16, 2013. (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1246-1247 ["[A] cause of action for defamation accrues at the time the defamatory statement is 'published.'"].) Nine days later, he initiated the bankruptcy action. Under the authority cited *ante*, these causes of action immediately became property of the bankrupt estate (11 U.S.C. § 541(a)) and the bankruptcy trustee became the sole real party in interest, the only party with standing to prosecute them. (*In re Eisen* (9th Cir. 1994) 31 F.3d 1447, 1451, fn. 2.) There is no evidence the

11

bankruptcy has terminated or the trustee abandoned these causes of action. Indeed, it is unclear whether the bankruptcy trustee was notified of these causes of action prior to March 2021 when Roger filed an amended schedule. Under paragraph 33 entitled, "Claims against third parties," Roger stated, "Debtor believes he holds claims against the County of Riverside, Riverside Sheriff's Department, and Stanley Sniff. Though it is asserted that the publication of the false statement was made on October 16, 2013, the publication was not discovered until approximately December 2013 and the economic damages to Debtor did not occur until approximately May 2014. Therefore, this claim, *though previously disclosed to the Trustee*, is being listed here out of caution." (Italics added.)

Based on the above, Roger lacks standing to pursue his claims against the county.

*B. The Trial Court Abused Its Discretion in Denying Roger's Request to Join RFC as a Party.*

The issue of Roger's standing was raised for the first time in the county's MSJ. In response, Roger applied, ex parte, for leave to join RFC, the liquidating trustee, as an additional plaintiff. (*Cloud*, *supra*, 67 Cal.App.4th 995.) Roger also applied for leave to file a supplemental opposition to the MSJ to further argue his defamation claims are exempt from his bankruptcy estate because they allege damages for personal injury and/or seek proceeds that are exempt to the extent they are necessary for the support of the debtor and his dependents. The trial court denied both ex parte applications and required a noticed motion to amend the operative pleadings to add RFC. Roger filed such motion and provided the relevant bankruptcy documents (the liquidating trust agreement

12

and the order approving the settlement between RFC and the bankruptcy trustee), which transferred all bankruptcy assets to RFC, as liquidating trustee, for prosecution and/or settlement. At the hearing on the MSJ, the court acknowledged the motion to amend to add the trustee as a party in interest, but refused to continue the hearing because Roger "still would not have standing to bring this claim unless and until the trustee abandons the claim."

According to Roger, the trial court's reasoning "reflects a misunderstanding of the request for substitution. [Roger] sought to join the Liquidating Trustee to substitute as the real party in interest. The Liquidating Trustee would step into [his] 'shoes' to pursue the defamation claims against [the county]. The reason for continuing the hearing or granting leave to join the Liquidating Trustee before the hearing would be to add the real party before the hearing to eliminate the defect in the parties." We agree. Although the bankruptcy came to light quite late in the litigation, the trial court must allow a plaintiff (Roger) who lacks standing to substitute into the action a party (RFC) with standing. (*Cloud*, *supra*, 67 Cal.App.4th at p. 1000.)

In *Cloud*, the plaintiff lost ownership of certain causes of action (wrongful termination and sexual harassment) in a personal bankruptcy when the claims transferred, by operation of federal bankruptcy law, to the bankruptcy trustee. (*Cloud*, *supra*, 67 Cal.App.4th at pp. 1002-1003.) The defendants in *Cloud* moved for judgment on the pleadings, contending the plaintiff lacked standing because the bankruptcy trustee owned the claims. (*Id*. at p. 999.) The trial court agreed and granted the motion without leave to amend because plaintiff lacked standing and was judicially estopped from pursuing her

13

claims. (*Id*. at p. 1000.) The appellate court reversed, holding the trial court erred in refusing plaintiff's request to substitute in the real party in interest (the bankruptcy trustee) or to obtain the trustee's abandonment of the claims, reasoning if the trustee abandoned the claims, they would revert to the plaintiff, making her once again the real party in interest with standing to proceed. (*Ibid*.)

"'California allows great liberality in the amendment of pleadings, particularly when the only change is a substitution of parties without alteration of the substantive grounds of the suit." (*Cloud*, *supra*, 67 Cal.App.4th at pp. 1006-1007.) "California Code of Civil Procedure section 473 must be liberally construed to permit amendment to substitute a plaintiff with standing for one who is not a real party in interest." (*Id*. at pp. 1005-1006.) "In the case of a trustee in bankruptcy seeking to be substituted in, the trial court lacks discretion not to allow the substitution. (11 U.S.C. §§ 541(a)(1) and 323(a).)" (*Kaley v. Catalina Yachts* (1986) 187 Cal.App.3d 1187, 1195, fn. 7.)

Here, the liquidating trust agreement designated RFC as the liquidating trustee with the rights and powers previously held by the bankruptcy trustee. There was no need to involve the bankruptcy trustee because (1) all bankruptcy assets, including causes of action, were transferred to the liquidating trust, (2) the liquidating trustee (RFC) was given exclusive authority over the transferred assets, and (3) the bankruptcy trustee was deemed to have automatically abandoned all unliquidated assets without further action. The trial court, therefore, erred in denying the request to add RFC as the real party in interest. Given this error, the subsequent orders granting summary judgment and

14

sustaining the demurrer without leave to amend, along with the judgment, must be reversed.

## III.  DISPOSITION

The judgment (including the orders granting the motion for summary judgment and the demurrer) is reversed, and the matter is remanded to allow the parties to proceed with the sixth amended complaint as the operative pleading.  Appellants are to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                                                                         J.


We concur:


RAMIREZ
                        P. J.


MILLER
                        J.

15