HELEN L. PETERS, Petitioner, *v.* THE STATE BAR OF NEVADA, Respondent.

No. 19116

December 30, 1988                                                    766 P.2d 277

---

*Norman Y. Herring,* Carson City, for Petitioner.

*Ann Bersi,* Executive Director, State Bar of Nevada, Reno; *John E. Howe,* Bar Counsel, and *Samuel S. Lionel,* Chairman, Board of Bar Examiners, State Bar of Nevada, Las Vegas, for Respondent.

## OPINION

By the Court, STEFFEN, J.:

On July 22, 1988, this court denied petitioner's request for a waiver of SCR 51(3). On September 20, 1988, petitioner filed a petition requesting rehearing of this court's prior order denying her application to take the bar examination. Petitioner also filed a

motion to extend the time within which to file her petition for rehearing.

Initially, we note that a request for rehearing must be filed within fifteen (15) days after service of written notice of entry of judgment unless the time is enlarged by an order of this court. NRAP 40 contemplates that a request for an extension of time within which to file a petition for rehearing will be filed within the fifteen day period. In the present case, as noted above, this court issued its order denying the petition in this case on July 22, 1988. The clerk of this court mailed petitioner a copy of our order that same day. Nevertheless, petitioner waited nearly two months before she filed her petition for rehearing and motion for extension of time within which to file a petition for rehearing. Further, to explain her delay, petitioner states only that principles of judicial economy would have been violated if she had filed her request for rehearing during the pendency of her action in the federal district court, which challenged our order of July 22, 1988. We note, however, that petitioner waited nearly a full month after her federal action was dismissed before filing her request for rehearing, and petitioner has failed to offer any explanation or to demonstrate cause for this delay. Therefore, we deny as untimely the motion for an extension of time and the petition for rehearing.

We further note that, in support of the request for rehearing, petitioner contends that this court overlooked or misapprehended material matters contained in the ABA Site Evaluation Report and Action Letter concerning Western State University College of Law. We disagree. This court fully considered these materials and determined that the education petitioner received from Western State University College of Law was not the functional equivalent of an education offered at an ABA-accredited law school. Thus, we conclude that petitioner has not demonstrated that rehearing is warranted under NRAP 40.

YOUNG and MOWBRAY, JJ., concur.

GUNDERSON, C. J., concurring:

Although I agree we must deny petitioner relief, I do so with some regret and reluctance, and, despite our ruling, I feel we are obligated to mention a matter which has potential significance to petitioner's federal action.

Because the State Bar's secretary has complied with our December 21 order, and has returned our files on petitioner, we

now know that petitioner compiled a passing grade on the 1988 bar examination.[1] We should of course preserve the evidence of this fact, for whatever value it may hereafter be accorded in the federal courts.

While it may be inappropriate at this point to reveal the precise numerical grade achieved by petitioner, it should be noted that petitioner's grade was very respectable. Indeed, by way of example, our clerk advises that such grade exceeds by several points any grade achieved by any of the fifteen members of our current Board of Bar Governors, and that it is close to eight points higher than the average of the grades achieved by these able bar leaders.

SPRINGER, J., dissenting:

I dissent. On this rehearing, after careful consideration, I have come to the conclusion that the only fair and proper action that this court can take is to grant Ms. Peters a license to practice law in this state.

I say "fair" because it is manifestly unfair for this woman to study and prepare, to take an arduous three-day examination, to pass with a high grade and then to be told that she is being denied admission to the bar.

I say "proper" because there is no concern here that we would be improperly allowing an unqualified person to enter the law profession. In addition to getting a high grade on her bar examination, I see from the record that Ms. Peters is already licensed to practice in California, having passed the very difficult California bar examination, and that she was an excellent student in law school.

On the point of fairness I note that Ms. Peters took our bar examination under the orders of a United States District Judge. With utmost respect I express my view that the federal judge acted improperly in so interfering with Nevada's bar admission process; still, the stark fact remains: Ms. Peters took the bar, and she passed it.[1] Absent some showing or at least a contention that

---

[1] Because the secretary, Mrs. Bersi, removed petitioner's files from this court's custody without proper authorization, and also refused to supply court members with information they requested concerning petitioner's grades, the court felt constrained to enter an order in regard thereto.

[1] Ms. Peters does not aver in her petition that she passed the examination with a high grade because she has never been advised of this fact. It was only by accident that this court learned of it. The bar secretary did not communicate this fact to the court, and it was only when a member of the court inquired out of curiosity as to Ms. Peters' performance that it was learned that all records relating to Ms. Peters had been unauthorizedly removed by the bar secretary from the court clerk's office. It was only by virtue of a direct order of this court to the bar secretary that the court learned of Ms. Peters having passed the examination.

Ms. Peters is professionally unqualified I think fairness dictates that we admit her or any such person who prepares for and passes our bar examination, after being granted authority to take the examination through the intervention of a federal court.