**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

HORACE BURL SUTER and BARBARA
J. SUTER,
                    *Appellants,*

            v.

WARREN GOEDERT, ERICA MICHAELS
HOLANDER, and BRUCE MATLEY,
                    *Appellees.*

No. 04-17306

D.C. No.
CV-N-04-00325-
ECR (RAM)

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted
February 16, 2007—San Francisco, California

Filed October 1, 2007

Before: Betty B. Fletcher, and Richard R. Clifton,
Circuit Judges, and Edward F. Shea,* District Judge.

Opinion by Judge Shea

---

*The Honorable Edward F. Shea, United States District Judge for the
Eastern District of Washington, sitting by designation.

**COUNSEL**

Kevin J. Mirch argued the cause and was on the briefs for the appellants; Marie C. Mirch was also on the briefs for the appellants.

Bruce T. Beesley argued the cause and was on the briefs for the appellees; Tricia M. Darby was also on the briefs for the appellees.

**OPINION**

E. SHEA, District Judge:

Appellants Horace B. and Barbara J. Suter appeal the district court's judgment dismissing their appeal from the bank-

ruptcy court as moot. Appellees Warren Goedert, Erica Michaels Holander, and Bruce Matley (collectively, the "Goedert firm") are lawyers against whom the Suters filed a legal malpractice lawsuit in a Nevada state court. During the course of the bankruptcy proceeding, the Goedert firm obtained control of the malpractice lawsuit asset, then a dismissal in the Suter appeal, and finally a ruling in both the bankruptcy court and the district court that the Suter appeal following the bankruptcy court decision awarding the asset to the Goedert firm was moot.

The Suters raise only one issue for review: whether the district court erred in dismissing as moot their appeal of the bankruptcy court order. The Suters timely filed this appeal, and we have jurisdiction pursuant to 28 U.S.C. § 158(d). On *de novo* review, we hold that mootness does not apply, and REVERSE the district court's order and REMAND the case to allow the district court to review the merits of the bankruptcy court's decision.

## I.   BACKGROUND

This case unfolds with a series of tragic circumstances, missed opportunities, and untimely steps. Appellants Horace and Barbara Suter had a teenage daughter who was institutionalized at the Truckee Meadows Hospital and Rehabilitation Center and treated by Dr. Tannenbaum. The Suters came to believe that their daughter was being abused at the facility, and retained the Goedert firm to bring a personal injury lawsuit on behalf of themselves and their daughter against the hospital and physicians. Although their daughter's claims were settled and the Suters' claims against the hospital were settled, the Suters' claims against the physicians proceeded to trial. Following trial, judgment was entered against the Suters on the physicians' counterclaim for over two hundred thousand dollars.

Following the adverse judgment, Dr. Howle, the facility's chief of staff, was deposed in another case and admitted

knowledge of one of Dr. Tannenbaum's unconventional if not unscientific therapies administered to patients like the Suter's daughter at the facility. The Suters also later learned that a partner in the Goedert firm was a patient of Dr. Howle, a fact which the firm had failed to disclose to the Suters. The Goedert firm had also failed during the Suter personal injury case to engage in discovery regarding Dr. Howle or to take his deposition.

The Suters initiated a malpractice lawsuit against the Goedert firm for mishandling the personal injury case. The malpractice case was dismissed on statute of limitation grounds; the Suters timely appealed the dismissal to the Nevada Supreme Court.

Facing the entry of a substantial monetary judgment against them, the Suters filed for bankruptcy in 2003. A trustee was appointed to manage and liquidate the non-exempt assets of their bankruptcy estate. Their contingent assets included the legal malpractice lawsuit. The Suters filed a motion to convert the case to Chapter 13. While the motion was pending, the Suters raised $10,000 from a family member and negotiated with the trustee for a buy-back of the legal malpractice suit. The trustee moved the bankruptcy court to authorize a release of the estate's interest in the legal malpractice suit, and a hearing was set on both motions on April 13, 2004. At the hearing, counsel for the Suters, the Goedert firm, and the trustee were all present. The Goedert firm then offered $11,000 to acquire the claim. The Suters then offered to match that amount, and the Goedert firm then bid $15,000 if no appeal was taken, and $12,500 if the order was appealed. The Suters objected that they did not know the trustee was planning an impromptu auction and that the claim was not being appropriately valued; they requested more time to prepare a better offer. After a recess, the trustee decided to compromise the claim by accepting the higher offer from the Goedert firm.[1]

---

[1]There is a substantive dispute about the characterization of the trustee's settlement of the malpractice claim against Appellees under bankruptcy

The bankruptcy court orally approved this compromise. Counsel for debtors orally moved for a stay, but the bankruptcy court denied the motion as premature. The bankruptcy court stated it would not enter a ruling "either way" on the merits of the stay without briefing, but invited the parties to prepare a written motion for a stay while the court was preparing its written order on the compromise. With this compromise of the legal malpractice asset to the Goedert law firm, the Suters became nonparties to the Nevada Supreme Court appeal.

The written Order of the bankruptcy court approving settlement was entered on May 14, 2004. On May 19, 2004, the trustee and Appellees filed a stipulation to dismiss the Suters' appeal of the dismissal of the legal malpractice lawsuit pending before the Nevada Supreme Court. On May 24, 2004, the Suters timely filed with the bankruptcy court a notice of appeal of the Order and on May 25, 2004, filed their written Motion for Stay of the Order Pending Appeal.

On June 9, 2004, pursuant to the stipulation of the trustee and the Goedert firm, the Nevada Supreme Court dismissed the appeal of the malpractice case. On June 14, 2004, the Goedert firm filed its response to the motion to stay before the bankruptcy court, arguing that once the claim was dismissed by the Nevada Supreme Court on June 9, 2004, nothing could undo that dismissal, the Goedert's claim no longer existed, and the request for a stay from the bankruptcy court was therefore moot. On July 26, 2004, the bankruptcy court agreed and issued its order denying the Suters' Motion for Stay on the grounds of mootness. The bankruptcy court found, alternatively, that the Suters were unlikely to succeed on the mer-

law, and whether it is a "sale" or "compromise" as those terms are used in substantive bankruptcy law. As the substantive issues are not presented in this appeal, the term "compromise" will be used for ease of reference, as that was the term used by the bankruptcy court.

its of their appeal. However, part of this analysis on the merits and likelihood of success was premised on mootness in the Nevada Supreme Court. The Suters elected to appeal the bankruptcy court's decision to the district court. In the district court, the Goedert firm again moved to dismiss the Suters' appeal as moot. The district court granted the motion based on the same reasoning applied by the bankruptcy court. The Suters timely filed this appeal.

Although the procedural history of this case is littered with allegations of secret deals, suppression of evidence, and improper self-dealing among the doctors and the lawyers, we confine our review solely to the question of whether the district court's dismissal of the appeal for mootness was proper. We apply the same *de novo* standard of review the district court uses to review a bankruptcy court's decision. *See In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005). In doing so, we "independently review the bankruptcy court's decision and do not give deference to the district court's determinations." *In re Saxman,* 325 F.3d 1168, 1172 (9th Cir. 2003) (quoting *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999)). Mootness is a question of law that we review *de novo*. *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1116 (9th Cir. 2003). We conclude that the application of mootness doctrine was error and reverse.

## II.   ANALYSIS

### A.   *Mootness in Bankruptcy*

[1] The bankruptcy court necessarily enters orders to sell or distribute assets of the debtor's estate. If the bankruptcy court denies a motion to stay such an order, then mootness may bar further review of the order. "Bankruptcy's mootness rule 'developed from the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy.' " *In re Onouli-Kona*

*Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988) (foreclosure sale to creditor) (citing *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1424 (9th Cir. 1985) (sale of securities)). *See also In re Suchy*, 786 F.2d 900, 901 (9th Cir. 1985) (sale of real estate). The policy behind mootness is "to protect the interest of a good faith purchaser . . . of the property." *In re Onouli-Kona Land*, 846 F.2d at 1172 (citing *In re Suchy*, 786 F.2d at 901-02). An alternative policy supporting mootness is "the consistent policy in recent bankruptcy law of assuring finality of judgments relating to the automatic stay." *Id.*

**[2]** The district court accepted this argument and ruled that the appeal of the disputed compromise was rendered moot by the Nevada Supreme Court's dismissal of the Suters' appeal of the trial court's dismissal of their legal malpractice claim. The bankruptcy mootness rule applies "when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal." *In re Onouli-Kona Land*, 846 F.2d at 1171 (citing *Algeran, Inc.*, 759 F.2d at 1423). The Goedert firm argues the failure of the Suters to obtain a stay from the bankruptcy court, before the appeal of the malpractice claim was dismissed by the Nevada Supreme Court, moots the appeal. The Suters present various arguments why mootness should not apply in this case. Among these are exceptions to general mootness doctrine for "collateral legal consequences" and "public importance" questions. The Goedert firm argues these exceptions have not been applied in a bankruptcy context and urges application of the mootness doctrine as developed in bankruptcy decisions.

On *de novo* review of the district court's decision, we are concerned by two legal issues. First, the burden of establishing mootness is on the party advocating its application. Without affirmatively demonstrating that the Suters have no recourse under Nevada law were they successful in the district court on their appeal of the bankruptcy court's decision to

approve the compromise, mootness is not established. Second, under the case law applicable to mootness in bankruptcy following a failure to obtain a stay, state law remedies may render the lack of a stay irrelevant to the question of mootness. We address each of these issues in turn.

1. *The Goedert firm did not meet its burden to demonstrate mootness before the district court.*

In general, the party asserting mootness "has the heavy burden of establishing that there is no effective relief remaining for a court to provide." *Or. Advocacy Ctr.*, 322 F.3d at 1116-17 (quoting *Tinoqui-Chalola Council of Kitanemuk & Yowlumne Tejon Indians v. U.S. Dep't of Energy*, 232 F.3d 1300, 1303 (9th Cir. 2000)). The bankruptcy code also contains a statutory "mootness" provision applicable to sales of assets:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith . . . unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). The bankruptcy court's order did not apply § 363(m), but denied the debtor's motion for stay based on general principles of mootness. *See In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998) (mootness generally precludes federal courts from deciding "questions that cannot affect the rights of litigants in the case before them") (citations omitted). The bankruptcy court also held, in the alternative, that a stay would not be appropriate even if mootness did not apply. That alternative substantive decision considered the fact of the Nevada Supreme Court dismissal against a likelihood of success on the merits.

The Suters' appeal to the district court was also dismissed based on mootness. The district court cited two cases to illustrate circumstances where a debtor's appeal was not moot. In *In re Berg*, 45 B.R. 899 (BAP 9th Cir. 1984), the trustee objected to the appeal as moot and argued under former rule 805 and its successor 8005 "that an appellate court cannot set aside an order authorizing the sale of property if the appellant failed to obtain a stay pending appeal." *Id.* at 902. The Bankruptcy Appellate Panel rejected the argument, noting that appellant was not appealing the order for sale, but rather the order quieting title in the trustee. *Id.* The Panel further noted that, without a stay, the debtor might be precluded from undoing the transaction and revesting title to the property, but that the court could still award monetary relief, and so the sale had not foreclosed all remedy to the debtor. *Id.*

In *In re Spirtos*, the debtor argued that appeal was moot because the judgment creditor did not obtain a stay of the order exempting the debtor's interest in certain pension plan assets. 992 F.2d 1004 (9th Cir. 1992). The assets had been distributed, so the debtor argued the appeal was moot "when, in the absence of a stay, events occur that make it impossible for the appellate court to fashion effective relief." *Id.* at 1006 (citations omitted). The panel acknowledged the line of cases but rejected its application to the case because "[w]e can fashion effective relief by ordering Debtor, who is a party to this appeal, to return the money to the estate." *Id.* at 1007. *See also In re Int'l Envtl. Dynamics, Inc.,* 718 F.2d 322 (9th Cir. 1983) (counsel for creditors could be ordered to repay interim fees if erroneously disbursed).

**[3]** Where the asset "sold" without a stay is a lawsuit and "disposal" of the asset is a dismissal, the appropriate inquiry is whether the dismissal of the lawsuit could be undone. Neither the bankruptcy court nor the district court addressed whether, as a matter of law, the dismissal of the appeal was capable of being revisited by the Nevada Supreme Court. The district court's order stated:

> Because the personal litigation suit in question has been dismissed by the Nevada Supreme Court, the underlying interest no longer exists. The court has no power to reinstate the suit with the Nevada Supreme Court even if it were to decide that the interest was improperly released by the Bankruptcy Court. As such, this court is prevented from granting the relief sought through the appeal, thus favoring a finding that the appeal is moot.

This reasoning ignores the fact that if mootness is applied to the compromise of a lawsuit asset in bankruptcy, *every case* that was pending in state court but compromised in bankruptcy over an objection would be classified as one where the court could not fashion relief. The Suters would be responsible to *ask* the Nevada Supreme Court to grant relief based on an order granting them substantive relief on appeal (if they were successful).

**[4]** Both the bankruptcy court and the district court assumed that dismissal of the action pending before the Nevada Supreme Court made the claim "nonexistent," like a fund distributed or a home sold to a good faith purchaser. The district court found that, unlike *Spirtos* and *Berg*, the Suters had failed to demonstrate that the district court could grant them relief:

> because Appellants do not demonstrate what relief, if any, this court can grant for [Appellees'] actions which rendered the appeal moot before Appellants filed their motion for a stay, we must dismiss the appeal as moot.

(citing *In re Ewell*, 958 F.2d 276, 279-80 (9th Cir. 1992) (declining to issue advisory opinion)). Application of this standard was error because it shifted the burden to the Suters to demonstrate non-mootness. The district court should have required the Goedert firm to demonstrate mootness by estab-

lishing "that there is no effective relief remaining for a court to provide." *Or. Advocacy Ctr.*, 322 F.3d at 1116-17 (citation omitted).

In the instant appeal, the Goedert firm argues for the first time that reopening the appeal of the malpractice suit before the Nevada Supreme Court is an "impossible task." The Goedert firm contends this could only be accomplished by a petition for rehearing and that such a petition is untimely. Under the Nevada rule:

> (1) Time for Filing; Content. A petition for rehearing may be filed within eighteen (18) days after the filing of the court's decision pursuant to Rule 36 unless the time is shortened or enlarged by order.

Nev. R. App. Proc. 40(a)(1). The Goedert firm argues the Suters had eighteen days after the dismissal of their appeal to file a petition for rehearing. The Suters contend they could petition the Nevada Supreme Court to enlarge the time permitted for rehearing. On review of the record and Nevada Law, neither argument is persuasive. Rule 40(a)(1) plainly specifies a deadline of eighteen days after the court's decision, and the Nevada Supreme Court has upheld this application. *See, e.g., Peters v. State Bar of Nev.*, 104 Nev. 768, 766 P.2d 277 (1988) (petition for rehearing denied when petition and motion to extend filed two months after order, although petitioner was delayed by waiting for a decision from a United States District Court on a related issue).

On the other hand, at the time the stipulated dismissal was presented to the Nevada Supreme Court, the Suters were not *parties* to that appeal. Following the bankruptcy filing, the trustee was substituted for the Suters in the Nevada Supreme Court appeal. The parties to the appeal were then the trustee and the Goedert firm. The Goedert firm's argument that the Suters could have filed a petition on June 27, 2004, directly contradicts other positions it has asserted and is inaccurate as

a matter of law. Before the district court, in defending their dismissal of the state action without notice to the Suters, the Goedert firm emphasized that the Suters were not parties to the appeal. The Goedert firm successfully argued that as non-parties the Suters had no rights to notice or to approve or disprove a dismissal before the Nevada Supreme Court.

The Suters' nonparty status before the Nevada Supreme Court also would deprive them of standing to appeal the decision or to petition for rehearing. NEV. R. APP. PROC. 3A(a) (only *parties* may appeal). The rule that only parties aggrieved may appeal is well-established Nevada law. *See, e.g., Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994) (non-party shareholders lacked standing to appeal settlement of a derivative action); *Gladys Baker Olsen Family Trust v. Olsen*, 109 Nev. 838, 858 P.2d 385 (1993) (trust lacked standing to appeal an order to enforce spousal support agreement); *Aetna Life & Cas. v. Rowan*, 107 Nev. 362, 812 P.2d 350 (1991) (entity denied intervention lacks standing to appeal the denial); *Albany v. Arcata Assoc.*, 106 Nev. 688, 799 P.2d 566 (1990) (attorney lacks standing to appeal); *Massi v. Bellmyre*, 111 Nev. 1520, 908 P.2d 705 (1995) (attorney lacks standing to appeal order related to attorney's lien on lawsuit).

**[5]** Under Nevada law, these persons aggrieved by an appellate decision are not left without a remedy. Instead, the nonparty aggrieved by an order in which the nonparty has an interest may seek an extraordinary writ. *See Valley Bank of Nev.*, 110 Nev. 440 (non-party shareholders' appeal dismissed without prejudice to pursuing an extraordinary writ); *Gladys Baker Olsen Family Trust*, 109 Nev. 838 (trust permitted to seek relief by extraordinary writ); *Aetna Life & Cas.*, 107 Nev. at 362 (review sought may be had "only by a petition for extraordinary relief."); *Albany*, 106 Nev. 688 (attorney could challenge sanction only by extraordinary writ); *Massi*, 111 Nev. at 1521 (attorney may seek to enforce lien through a petition for an extraordinary writ) (citation omitted).

Nevada Rule of Appellate Procedure 21, discussed in this case law, provides for extraordinary writs to grant relief to aggrieved persons who are non-parties and contains no express time requirement for filing. NEV. R. APP. PROC. 21. The rule was adopted and mirrors the Federal Rule of Appellate Procedure 21 pertaining to writs of mandamus, prohibition, and other extraordinary writs. *See* FED. R. APP. PROC. 21; NEV. R. APP. PROC. 21 (*advisory committee notes*). Extraordinary writs are generally issued "in aid of jurisdiction," which has at times resulted in extending relief to non-parties. *See generally*, 16 CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3932 n.6, n.32 (2d ed. 1996) (citation omitted) (1996 ed.). "It is easy to conclude that a writ may issue in aid of potential jurisdiction if it is necessary to control action that could not be controlled by awaiting entry of an appealable order, or to remove an obstruction to appellate review." *Id.* Unlike a petition for rehearing, extraordinary writs are *not* subject to a rigid time limit on filing the petition. *Id.* § 3933 n.11-14 (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 197 (3d Cir. 1983), *cert. denied* 104 S. Ct. 349, 464 U.S. 938). Instead, the equitable doctrine of *laches* would determine the reasonableness of timing. *Id.* While laches could bar issuance of an extraordinary writ, the writ would be premature if sought "to control a ruling that has not yet been made." *Id.* § 3933 n.11-13, 14 (citations omitted).

**[6]** In this case, if the Suters were successful on a bankruptcy appeal on the merits, the dismissal before the Nevada Supreme Court would be just the type of action that would otherwise evade review. Nevada jurisprudence instructs that extraordinary writs are a process available to aggrieved persons who would not have standing to directly challenge an order. Our own jurisprudence affirms that extraordinary writs are by their nature "extraordinary," and timeliness of seeking such relief is dependent upon equitable principles of laches. However, if the relief were premised on the outcome of a bankruptcy appeal on the merits, such petition would not be

ripe until such an order issued. Analyzing Nevada law on whether or not the Suters have a forum to seek relief, it is not accurate to say there is "no effective relief for a court to provide." *Or. Advocacy Ctr.*, 322 F.3d 1116-17. The Goedert firm had the burden to establish mootness; they have not done so. *Id.* On the contrary, the trustee and the Goedert firm achieved a dismissal without notice to the Suters because they were not parties to the appeal. The Suters are therefore permitted to seek relief in the form of an extraordinary writ, available to nonparties affected by a decision on appeal of which they had no notice.

## B. The Appeal was not Moot because Nevada Law provides a Remedy even without a Stay of the Order for Sale.

The cases dealing with mootness under the bankruptcy code recite the general rule that an appeal is moot if the appellant fails to obtain a stay of the order permitting sale of an asset. However, these cases do note exceptions and circumstances where appeals are not moot. For example, "we occasionally have found that lack of a stay would *not* moot the appeal from a foreclosure sale because circumstances *would* permit the court to grant relief to the parties." *In re Onouli-Kona Land*, 846 F.2d at 1172 (citations omitted). This exception to mootness exists when the debtor had a state statutory right to redeem real property sold to a creditor or other purchaser. *See id.* at 1172-73 (discussing *In re Sun Valley Ranches, Inc.*, 823 F.2d 1373 (9th Cir. 1987)). "This makes sense. To the extent that a sale is subject to rights of redemption, the sale is not truly final." *Id.* at 1173. The panel went on to discuss that such statutory rights are substantive and governed by state law. *Id.* (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). Where the debtor did not have state statutory rights to redemption, the state law exception did not apply.

In this case, there is no claimed right of redemption, but the Suters do have a right to seek relief by extraordinary writ if

they are ultimately successful in the district court on the merits of their appeal of the compromise. The scope and extent of the Suters' rights to seek this relief are governed by Nevada law. As with a right of redemption, a debtor who objects to a compromise of a personal injury claim might have an ability to reinstate that claim under state law and the fact that the relief asserted is not "self executing" should not in itself mandate a finding of mootness. As discussed above, Nevada law permits non-parties aggrieved by an order to seek relief by a petition for an extraordinary writ.

**[7]** *In re Ewell,* cited by the district court, summarizes the bankruptcy "exceptions to section 363(m) mootness rule: (1) where real property is sold subject to a statutory right of redemption; and (2) *where state law otherwise would permit the transaction to be set aside*." 958 F.2d 276, 280 (9th Cir. 1992) (emphasis added) (citing *In re Mann*, 907 F. 2d 923, 926 (9th Cir. 1990)). Because the Suters could bring a petition for an extraordinary writ from the Nevada Supreme Court, the presence or absence of a stay is immaterial. As demonstrated in these cases, the presence of a state law remedy to set aside or undo the transaction renders the bankruptcy appeal on the merits not moot. Here that remedy is the availability of a petition for an extraordinary writ.

### III. CONCLUSION

The bankruptcy court erred in assuming mootness to adjudicate the motion to stay, which if decided on the merits, would have controlled the mootness question. The district court perpetuated this error by applying the very mootness, which was the subject of the appeal, as grounds to refuse to review the mootness adjudication of the bankruptcy court on the merits. The Suters' motion to stay should have been heard on the merits. Even without a stay, if successful on an appeal on the merits, the Suters could seek to enforce an order granting them relief by extraordinary writ because they were not parties to the stipulated dismissal in the Nevada Supreme

Court. Consequently, on remand the district court should hear the Suters' appeal on the merits.

**REVERSED** and **REMANDED**.