FILED

APR 14 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                    )   BAP No.   CC-13-1315-TaDKi
                                          )
LA PREA LANETTE ALLEN,                    )   Bk. No.   12-41710-NB
                                          )
                    Debtor.               )
_____        )
                                          )
MARTHA GEOCONDA JAMES,                    )
                                          )
                    Appellant,            )
                                          )
v.                                        )   **MEMORANDUM**[*]
                                          )
HSBC BANK USA, N.A.,                      )
                                          )
                    Appellee.             )
                                          )

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed – April 14, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Neil W. Bason, Bankruptcy Judge, Presiding

_____

Appearances:     Anthony O. Egbase of the Law Offices of Anthony O.
                 Egbase & Associates for appellant Martha Geoconda
                 James; Stephen D. Britt of the Law Offices of Les
                 Zieve for appellee HSBC Bank USA, N.A.

_____

Before:   TAYLOR, DUNN, and KIRSCHER, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

The bankruptcy court granted creditor HSBC Bank USA, N.A. stay relief under § 362(d)(1)[1] and (d)(4) in Debtor La Prea Lanette Allen's bankruptcy case. Six months later – and just days after the subject real property was sold at a scheduled foreclosure sale – appellant Martha Geoconda James moved to vacate the stay relief order pursuant to Federal Rule of Civil Procedure 60(b); among other things, she asserted that she, not the Debtor, owned the real property and that she never received notice of the stay relief motion. The bankruptcy court denied James' motion. She appeals.

As discussed below, the appeal is moot; thus, we VACATE the bankruptcy court's order and DISMISS.

## FACTS

In 2006, James obtained a loan to purchase a triplex located in Los Angeles, California; she and her husband lived in one of the units. James subsequently defaulted on the mortgage loan. Thereafter, during the first half of 2012, she enlisted the assistance of a company named Debt Trust Solutions in order to stop foreclosure of the property.

James is no stranger to bankruptcy; she filed two cases,[2]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We exercised our discretion to take judicial notice of documents electronically filed in the Debtor's bankruptcy case, as well as in James' prior bankruptcy cases. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).
    James initially filed a chapter 13 case in April 2011; it was dismissed in January 2012 for failure to make plan payments.
                                                          (continued...)

2

both of which were dismissed. The Debtor filed her own chapter 13 case in August of 2012. The property was neither scheduled nor otherwise referenced in the Debtor's petition or schedules. According to James, she has no connection to the Debtor.

In October of 2012, HSBC moved for stay relief in the Debtor's bankruptcy case, asserting that the bankruptcy filing was part of a scheme to delay, hinder, or defraud it. HSBC pointed out that a quitclaim deed – a deed purporting to transfer some or all of the property from James to the Debtor – was recorded days before the Debtor's bankruptcy filing. The unauthorized deed, it asserted, evidenced the scheme. James was served with the stay relief motion at the triplex; but, HSBC's proof of service contained only one entry for service on James; it named the triplex street, but the triplex street name was preceded by all three triplex unit numbers.

The bankruptcy court entered an order granting the unopposed motion, and HSBC recorded the order. The Debtor's chapter 13 case did not survive plan confirmation; it was dismissed not long after entry of the stay relief order and subsequently closed.

Exactly six months after stay relief was granted, the Debtor's bankruptcy case was reopened, and James moved to vacate the stay relief order. She asserted that, as a result of the erroneous § 362(d)(4) in rem stay relief obtained in the Debtor's case, the property was improperly sold at a trustee's sale after

---

[2](...continued)
She then filed a chapter 11 case in May 2013; it was dismissed in July 2013 with a 180-day filing bar.

3

James filed her second bankruptcy case. James disputed the validity of the purported quitclaim deed and the service of the stay relief motion. She, thus, sought relief from the order under Federal Rule of Civil Procedure 60(b).

At the hearing on James' motion, HSBC advised that, just before the hearing, it had filed the declaration of its law firm's mailroom manager who attested to the firm's mailing practices when multiple unit numbers appeared in the "same signature block" (which we assume means an address for service). The bankruptcy court acknowledged that an evidentiary issue existed as to service given the parties' competing declarations, but declined to resolve the service issue. Instead, it found that there was a scheme to delay, hinder, or defraud HSBC by Debt Trust Solutions, whether or not James was an active or knowing participant. It then "retroactively validated" its prior stay relief order.[3] James appeals from the bankruptcy court's order.

**JURISDICTION**

The bankruptcy court asserted jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

As the property was sold and there is no stay pending appeal,[4] the BAP Clerk issued a mootness notice. We must dismiss

---

[3] Although it was not included in the record on appeal, the bankruptcy court entered an order setting a hearing on James' motion to vacate. It therein required any opposing party to address whether reaffirmation or validation of the stay relief order would be appropriate if, in fact, the stay relief order was void or voidable.

[4] Given the pre-appeal sale of the property, James moved for
(continued...)

4

the appeal if it is constitutionally moot, see Drummond v. Urban (In re Urban), 375 B.R. 882, 887 (9th Cir. BAP 2007), and may dismiss if we deem it equitably moot. See Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33-35 (9th Cir. BAP 2008). The parties responded and a BAP motions panel deferred the issue to the merits panel for consideration.

Federal courts may only adjudicate actual cases and controversies. Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012). Whether a case is constitutionally moot turns on whether the Panel may provide "an appellant any effective relief in the event it decides that matter on the merits in his favor." Id. (citation omitted); see also In re PW, LLC, 391 B.R. at 33. If so, the matter is not moot. Id. The party advocating in favor of mootness bears the heavy burden of demonstrating that the matter is, indeed, bereft of any possibility for granting relief. Suter v. Goedert, 504 F.3d 982, 986 (9th Cir. 2007).

A focus on equitable mootness shifts the analysis from remedial availability to the impact of remedy. In re PW, LLC, 391 B.R. at 33 (courts examine "the consequences of the remedy and the number of third parties who have changed their position in reliance on the order that is being appealed."). The operative question is, thus, "whether the case presents transactions that are so complex or difficult to unwind that the

---

[4] (...continued) a stay pending appeal only as to an unlawful detainer action initiated against her by Palisades Development, LLC in state court. This motion was denied.

5

doctrine of equitable mootness would apply." In re Thorpe Insulation Co., 677 F.3d at 880. "Ultimately, the decision whether to unscramble the eggs turns on what is practical and equitable." In re PW, LLC, 391 B.R. at 33.

Courts consistently hold that a consummated sale of real property to a good faith third-party purchaser moots review, as the sale, typically, cannot be set aside. See Onouli-Kona Land Co. v. Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1173 (9th Cir. 1988); Cmty. Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir. 1985); Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.), 652 F.2d 793, 796 (9th Cir. 1981); Darby v. Zimmerman (In re Popp), 323 B.R. 260, 272 (9th Cir. BAP 2005). Various exceptions to this principle exist, including where the purchaser is a party to the appeal or where the appellant has a state statutory remedy, such as a right to redemption. See Suter, 504 F.3d at 990; In re Onouli–Kona Land Co., 846 F.2d at 1171. Those exceptions do not apply here.

Given this authority, we conclude that this appeal is moot. It is undisputed that the sale has been consummated; the property sold to a third-party purchaser – Palisades Development, LLC ("Palisades")– who is not a party to this appeal. No one asserts that Palisades is not a good faith purchaser for value. And there is no question that James has neither a state statutory redemption right nor any other statutory basis for setting aside the sale. Under these facts, the bankruptcy court cannot set aside the sale.

Further, the foreclosure sale would not be void if the bankruptcy court on remand vacated the stay relief order,

6

notwithstanding Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992) (automatic stay violations are void). At the time of the foreclosure sale, there was a valid stay relief order, and HSBC relied on that order in moving forward with the sale. Subsequent vacatur of the order does not automatically render HSBC's then appropriate actions violative of the stay. Such a result is hypertechnical and inappropriately expands Schwartz beyond its prophylactic purpose: protecting debtors from stay violations.

We also note that Palisades took several actions and obviously expended money in reliance on the stay relief order, including prosecuting the unlawful detainer action against James and apparently renovating the property. See BAP Dkt. No. 15-2. On balance, the equities and prejudice to Palisades outweigh James' interest in recovering the property, particularly given that she defaulted on the mortgage loan and chose to retain Debt Solutions Trust.

Admittedly, we could reverse or vacate the bankruptcy court's order denying James' motion to vacate and, thus, accord James with facial relief. See In re Thorpe Insulation Co., 677 F.3d at 880. James, however, seeks this remedy only because she ultimately wants to recover the property. Thus, James cannot obtain meaningful relief unless the bankruptcy court sets aside the foreclosure sale. See id. at 883. She does not have a damages claim, see Bateman v. Grover (In re Berg), 45 B.R. 899, 902 (9th Cir. BAP 1984), as the sale was not in violation of the stay when conducted. And as discussed above, the sale cannot be undone.

7

For these reasons, we also decline to review James' due process claims relating to notice.[5] See Bianco v. Erkins, 235 F. App'x 429, 430 (9th Cir. 2007) (declining to review due process claims when appeal is moot based on sale of subject property).

Given our mootness determination, we must vacate the bankruptcy court's order denying James' motion to vacate so as to prevent its decision "from having any legal effect on the parties to this action." See W. Farm Credit Bank v. Davenport (In re Davenport), 40 F.3d 298, 299 (9th Cir. 1994) (where an appeal is moot, court may vacate an unreviewable order so as to prevent the order "from spawning any legal consequences.") (citation omitted).

**CONCLUSION**

Based on the foregoing, we VACATE the denial order of the bankruptcy court and DISMISS the appeal as moot.

---

[5] Even if we considered her claims, HSBC recorded the § 362(d)(4) stay relief order against the property. James, thus, likely had constructive notice of the stay relief order.