**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: ALICIA MARIE RICHARDS,<br><br>Debtor.<br>_____<br><br>LAWRENCE REMSEN; ALICIA MARIE RICHARDS,<br><br>Appellants,<br><br>v.<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee; RYAL W. RICHARDS,<br><br>Appellees. | No. 22-60029<br><br>BAP No. 21-1267<br><br>MEMORANDUM* |
| In re: ALICIA MARIE RICHARDS,<br><br>Debtor,<br><br>------------------------------<br><br>ALICIA MARIE RICHARDS,<br><br>Appellant,<br><br>v. | No. 22-60030<br><br>BAP No. 21-1263 |

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RICHARD A. MARSHACK, Chapter 7
Trustee; RYAL W. RICHARDS,

Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Lafferty and Spraker, Bankruptcy Judges, Presiding

| | |
|---|---|
| In re: ALICIA MARIE RICHARDS, | No. 22-60031 |
| Debtor, | BAP No. 21-1275 |

------------------------------

ALICIA MARIE RICHARDS,

Appellant,

v.

RICHARD A. MARSHACK, Chapter 7
Trustee; RYAL W. RICHARDS;
LAWRENCE REMSEN, Trustee, Remsen
Family Trust,

Appellees.

| | |
|---|---|
| In re: ALICIA MARIE RICHARDS, | No. 22-60032 |
| Debtor. | BAP No. 21-1277 |

_____

LAWRENCE REMSEN; ALICIA MARIE
RICHARDS,

Appellants,

v.

RICHARD A. MARSHACK, Chapter 7 Trustee; RYAL W. RICHARDS,

Appellees.

| | |
|---|---|
| In re: ALICIA MARIE RICHARDS, | No. 22-60033 |
| Debtor. | BAP No. 21-1276 |

LAWRENCE REMSEN; REMSEN FAMILY TRUST, Co-Trustee Lawrence Remsen; ALICIA MARIE RICHARDS,

Appellants,

v.

RICHARD A. MARSHACK, Chapter 7 Trustee; RYAL W. RICHARDS,

Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Faris, and Gan, Bankruptcy Judges, Presiding

Submitted May 29, 2024[**]

---

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

In these consolidated appeals, Chapter 7 debtor Alicia Marie Richards, Lawrence Remsen, and the Remsen Family Trust, Co-Trustee Lawrence Remsen, appeal pro se from the Bankruptcy Appellate Panel's ("BAP") judgments dismissing their appeals from the bankruptcy court's orders compelling the turnover of real property and denying a motion for a stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the question of mootness. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007). We affirm.

The BAP properly dismissed as moot the appeals from the bankruptcy court's orders because no effective relief could be granted by reversal or vacatur of the orders after the real property was sold. *See Castaic Partners II, LLC v. Daca-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 968-69 (9th Cir. 2016) (explaining that the "test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor" (citation and internal quotation marks omitted)); *see also* 11 U.S.C. § 363(m) (providing that a sale to a good faith purchaser may not be modified or set aside on appeal unless the sale was stayed pending appeal).

We do not consider appellants' contentions regarding the good faith of the purchaser or the homestead exemption because they were raised for the first time

4

on appeal to this court. *See Burnett v. Resurgent Cap. Servs. (In re Burnett)*, 435 F.3d 971, 975-76 (9th Cir. 2006) (stating that, absent exceptional circumstances, issues not raised before the BAP are waived).

**AFFIRMED.**

22-60029
22-60030
22-60031
22-60032
22-60033