

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>FRED TUCKER,<br><br>          Debtor. | BAP No. CC-24-1139-GFS<br><br>Bk. No. 2:24-bk-15457-VZ |
| FRED TUCKER,<br><br>          Appellant,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>          Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and SPRAKER, Bankruptcy Judges.

Memorandum by Judge Gan.

Concurrence by Judge Gan.

## INTRODUCTION

Chapter 13[1] debtor Fred Tucker ("Debtor") appeals the bankruptcy court's order granting stay relief to PNC Bank, N.A. ("PNC") under § 362(d)(1) and in rem relief under § 362(d)(4).

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the

Debtor did not obtain a stay pending appeal, and the property was sold to a third party through a nonjudicial foreclosure. Subsequently, the bankruptcy court dismissed the chapter 13 case, and Debtor did not appeal the dismissal order. As a result, we cannot grant effective relief as it pertains to stay relief under § 362(d)(1), and that portion of the appeal is moot. We have previously stated that an appeal from an order entered under § 362(d)(4) is not moot if, as is the case here, Debtor retains possession.[2]

In his informal brief, Debtor articulates a single argument relating to the stay relief order: PNC did not adequately serve the motion for stay relief on junior lienholders. Debtor lacks standing to assert rights of third parties, and he offers no argument directed to the relief granted against him. Moreover, the court's decision is amply supported by evidence in the record. Accordingly, we DISMISS the appeal as it pertains to § 362(d)(1), and we AFFIRM it as it pertains to § 362(d)(4).

## FACTS[3]

In 1988, Debtor's mother, Zula Tucker, purchased real property located in Palos Verdes Estates, California (the "Property"). She borrowed

---

Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] Debtor informed us at oral argument that he remains in the property, and he requested a continuance. That request is DENIED.

[3] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's bankruptcy case and the prior cases involving the Property. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

$375,000, secured by a deed of trust on the Property. Through assignments and mergers, PNC became beneficiary of the deed of trust and holder of the note as of 2009. Ms. Tucker transferred the Property to her living trust, and upon her death in 2012, Debtor became successor trustee and sole beneficiary of the trust.

PNC asserts that the loan has been in default since 2014, and it fully matured in 2018. Between 2014 and 2023, Debtor filed six unsuccessful lawsuits in state court seeking to prevent foreclosure. Between May 2023 and July 2024, Debtor and his wife, Ida Hanson, filed four bankruptcy petitions involving the Property. PNC obtained stay relief in Debtor's first chapter 13 case, which was dismissed with a 180-day bar to refiling.

Ms. Hanson then filed two consecutive chapter 13 petitions. She voluntarily dismissed the first case in January 2024. In her second case, Ms. Hanson filed a motion to continue the stay pursuant to § 362(c)(3), and PNC filed a motion for stay relief under § 362(d)(1) and (d)(4). The bankruptcy court granted stay relief, but declined to enter in rem relief under § 362(d)(4) to permit Ms. Hanson and Debtor to close on a reverse mortgage which they stated had been approved. The court dismissed the case in April 2024.

Debtor and Ms. Hanson did not obtain the reverse mortgage, and Debtor filed the instant case on the eve of foreclosure, in July 2024. PNC filed a motion for stay relief under § 362(d)(1) and (d)(4) based on Debtor's failure to make payments and his bad faith efforts to delay foreclosure. It

asserted that Debtor's latest filing was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property.

In opposition, Debtor argued that PNC did not properly serve the motion on junior lienholder Chase Bank. He also argued that his bankruptcy filing was not in bad faith, and he intended to sell the Property, which had substantial equity, and would pay all claims in full through his plan. Debtor claimed that his prior bankruptcy cases did not evidence bad faith, and his present case was not part of a scheme to delay, hinder, or defraud creditors because he was proposing to sell the Property.

At the hearing, the bankruptcy court agreed that service was defective on Chase Bank, but it noted that Debtor did not have standing to raise that issue. The court reasoned that it was undisputed that the note had been in default for ten years and Debtor and his wife had filed multiple bankruptcies without a meaningful intent to reorganize their financial affairs. In August 2024, the court entered an order granting stay relief for cause under § 362(d)(1) and granting in rem relief under § 362(d)(4). Debtor timely appealed.

On September 18, 2024, Debtor filed a motion for reconsideration, or alternatively for a stay pending appeal, and an application to hear the motion on shortened notice. The bankruptcy court denied Debtor's application to hear the motion on shortened notice and instructed Debtor

4

to obtain a hearing on regular notice in accordance with the local bankruptcy rules. Debtor did not obtain a hearing.

PNC conducted a nonjudicial foreclosure sale, and a third party purchased the Property and recorded the trustee's deed upon sale in November 2024.

In February 2025, the bankruptcy court dismissed Debtor's motion for reconsideration for failure to prosecute, and it granted the chapter 13 trustee's motion to dismiss the case in March 2025. Debtor did not appeal the dismissal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). Subject to the mootness discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Is the appeal moot as it pertains to § 362(d)(1)?

Did the bankruptcy court abuse its discretion by granting relief under § 362(d)(4)?

## STANDARDS OF REVIEW

We review mootness de novo. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

5

We review the bankruptcy court's order granting stay relief for abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

We lack jurisdiction over a moot appeal, and if an appeal becomes moot while it is pending before us, we must dismiss it. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900-01 (9th Cir. 2001). This appeal is constitutionally moot if it is impossible for us to give Debtor effective relief in the event we decide the appeal in his favor. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012).

Dismissal of the underlying bankruptcy case, where the debtor does not appeal the dismissal, renders moot an appeal from a stay relief order. *See Castaic Partners II, LLC v. DACA-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 969 (9th Cir. 2016). Pursuant to § 362(c), the automatic stay terminates as a matter of law upon dismissal of the case, and reversal of the stay relief order will not reimpose the automatic stay. Subject to an exception not relevant here, "where an automatic stay is lifted, the debtor's failure to obtain a stay pending appeal renders an appeal moot after assets in which the creditor had an interest are sold." *Sun Valley Ranches, Inc. v.*

*Equitable Life Assurance Soc'y of the U.S. (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1374 (9th Cir. 1987). Thus, we cannot render effective relief to Debtor in the event we rule in his favor, and this appeal is constitutionally moot as it pertains to relief under § 362(d)(1).

We have previously held that an unstayed sale or dismissal does not render an appeal moot as it relates to § 362(d)(4) relief if the debtor remains in the property. *See Benzeen Inc. v. JP Morgan Chase Bank, Nat'l Ass'n (In re Benzeen Inc.)*, BAP No. CC-18-1097-TaLS, 2018 WL 6627275, at *4 (9th Cir. BAP Dec. 18, 2018) ("we have jurisdiction over the appeal because the § 362(d)(4) relief has continuing vitality against Debtor: if we reverse the § 362(d)(4) order, it would not, if recorded, be binding in a future bankruptcy case filed before entry of an unlawful detainer judgment.").

Debtor has provided no basis for reversal. He merely claims that PNC failed to properly serve other creditors—which the bankruptcy court correctly held he lacks standing to assert—and he offers no argument why the court erred by granting PNC's motion.

To grant relief under § 362(d)(4), the bankruptcy court must affirmatively find: (1) the bankruptcy filing was part of a scheme; (2) the object of the scheme was to delay, hinder, or defraud creditors; and (3) the scheme involved either (a) the transfer of an interest in real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property. *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870-71. Debtor's and his wife's lengthy history of state court

suits and bankruptcy filings affecting the Property, and their long history of default without payment, sufficiently support the court's finding that Debtor filed the case as part of a scheme to delay, hinder, or defraud PNC.

## CONCLUSION

Based on the foregoing, we DISMISS as moot the portion of the order relating to relief under § 362(d)(1), and we AFFIRM the order as it relates to § 362(d)(4).

Concurrence begins on next page.

GAN, Bankruptcy Judge, concurring.

I join the majority in affirming the appeal as it pertains to § 362(d)(4) because Debtor failed to make any argument why the bankruptcy court erred and because PNC has not articulated a basis for mootness in light of our previous decisions that an appeal from a § 362(d)(4) order is not moot so long as a debtor remains in possession. I write separately because I disagree with those prior decisions; I believe the appeal is constitutionally moot in its entirety. Section 362(d)(4) makes stay relief applicable in any bankruptcy case involving the property and permits only actions against real property by a creditor with a secured claim against it. Thus, we cannot grant effective relief to Debtor after a nonjudicial foreclosure sale to an unrelated third-party extinguished Debtor's legal interest and PNC's lien.

We have previously held in unpublished memoranda, and noted in dicta in one opinion, that an unstayed sale or dismissal does not render an appeal moot as it relates to § 362(d)(4) relief. *See Benzeen Inc. v. JP Morgan Chase Bank, Nat'l Ass'n (In re Benzeen Inc.)*, BAP No. CC-18-1097-TaLS, 2018 WL 6627275, at *4 (9th Cir. BAP Dec. 18, 2018) (reasoning that because debtor remained in possession of the property, he "may possess an interest in the Property that could, in the absence of § 362(d)(4) relief, be protected by the automatic stay"); *Sepehry-Fard v. U.S. Bank, N.A. (In re Sepehry-Fard)*, BAP Nos. NC-17-1118-BTtaF, NC-17-1123-BTaF, 2018 WL 2709718, at * 5 (9th Cir. BAP June 5, 2018) ("[T]he portion of the order granting US Bank in rem relief is not moot because of the ramifications of such relief and its

1

effect on future debtors and third parties not before the court."), *aff'd*, 829 F. App'x 274 (9th Cir. 2020); *Jiminez v. ARCPE 1, LLP (In re Jiminez)*, 613 B.R. 537, 544 n.8 (9th Cir. BAP 2020) ("As we noted *supra*, ARCPE has not yet conducted its foreclosure sale. But, until Mr. Jimenez is legally or physically ousted from possession, even foreclosure will not moot his § 362(d)(4) appeal." (citing *In re Benzeen Inc.*, 2018 WL 6627275, at *4)).

I agree that dismissal of the underlying case does not render a § 362(d)(4) order moot because a debtor could file a subsequent bankruptcy case prior to foreclosure. This is precisely the problem which § 362(d)(4) is intended to remedy. *See In re Merlo*, 646 B.R. 389, 393-94 (Bankr. E.D.N.Y. 2022) ("Congress added § 362(d)(4) to the Bankruptcy Code to reduce the number of abusive filings." (citing H.R. Rep. 109-31(1) at 69 (2005))); *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870 (Section 362(d)(4) "permits the bankruptcy court to grant *in rem* relief from the automatic stay in order to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property."); *see also* § 362(b)(20) (providing the automatic stay does not stay "any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order . . . .").

But where the property has been sold through a nonjudicial foreclosure to a third party, and the debtor no longer has any right of

2

redemption, the appeal is moot, regardless of whether the debtor remains in the property.

Section 362(d)(4) specifically applies "with respect to a stay of an act **against real property** under subsection (a), by a **creditor whose claim is secured by an interest in such real property**." (emphasis added). The subsection provides that if recorded, "an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order . . . ."

Under California law, "the purchaser at a nonjudicial foreclosure sale receives title under a trustee's deed free and clear of any right, title or interest of the trustor." *Morris v. JPMorgan Chase Bank, N.A.*, 78 Cal. App. 5th 279, 293 (2022) (cleaned up). California's nonjudicial foreclosure system "is designed to provide the lender-beneficiary with an inexpensive and efficient remedy against a defaulting borrower, while protecting the borrower from wrongful loss of the property and ensuring that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 926 (2016) (citation omitted); *see also Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1128 (9th Cir. 2016) ("The BAP correctly determined that Perl had no remaining legal interest in the property because, when Eden Place purchased the property at the foreclosure sale and recorded its deed within fifteen days of the sale, any legal interest Perl retained in the property was

3

extinguished.") (citing *Wells Fargo Bank v. Neilsen*, 178 Cal. App. 4th 602, 613-14 (2009), *as modified*; Cal. Civ. Code § 2924h(c)).

After the nonjudicial foreclosure sale, Debtor's legal interest in the Property was terminated, and PNC no longer had a claim secured by an interest in the Property. Thus, if Debtor were to file a subsequent bankruptcy case prior to entry of a judgment in an unlawful detainer proceeding, the automatic stay would be unaffected by the § 362(d)(4) order entered in this case.

Because a recorded § 362(d)(4) order affects the Property, it could conceivably apply in a subsequent case filed by a new debtor with an interest in the Property. But § 362(d)(4) specifically provides that "a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing." And though future debtors and third parties not before the court may be affected by a recorded § 362(d)(4) order, their rights do not depend on reversal of the order here and could not form the basis for effective relief to the appellant.

I do not believe we are bound by our prior decisions to the contrary, and if the question were presented, I would hold that after a nonjudicial foreclosure where the property is sold to an unrelated third party, an appeal from a § 362(d)(4) order is constitutionally moot because we cannot grant effective relief to the original debtor.

4