FILED

MAR 12 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   NC-17-1062-STaB |
| ) | |
| JAMES JIN QING LI, ) | Bk. No.   3:12-bk-33630 |
| ) | |
| Debtor. ) | |
| _____) | |
| JAMES JIN QING LI, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| MIKE ROSEN, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on January 25, 2018
at San Francisco, California

Filed – March 12, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Appearances:     Bradley Kass of Kass & Kass Law Offices argued for appellant; Lawrence D. Miller argued for appellee.

Before: SPRAKER, TAYLOR and BRAND, Bankruptcy Judges.

_____
    [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

In terms of standard of proof and procedure, there are significant differences between relief from stay and lien avoidance proceedings. This case highlights those differences. The debtor, James Jin Qing Li, argues that the bankruptcy court erroneously terminated the automatic stay to permit execution on an invalid judgment lien. However, motions for relief from the automatic stay are summary proceedings and may be granted upon demonstration of a colorable claim. Challenges to the validity of a creditor's lien, in contrast, ordinarily require the commencement and prosecution of an adversary proceeding under Rule 7001(2).[1]

The bankruptcy court found that the moving creditor's claim was colorable. It did not attempt to decide whether the creditor's lien was valid. Rather, the court specifically left that question for another day. In the context of relief from stay jurisprudence, this was wholly appropriate. Accordingly, we AFFIRM.

## FACTS

Creditor Mike Rosen filed his relief from stay motion in October 2016. The motion was one salvo in a long history of litigation between the parties. Rosen sought relief from stay so that he could enforce a judgment lien against debtor James Jin Qing Li's leasehold interest in a restaurant space located in a

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

shopping center in Daly City, California.

Rosen also sought to lift the automatic stay to file a fraudulent transfer action against Li's former spouse Xiao Yan Chen. Rosen claimed that, days before commencing his 2012 chapter 7 bankruptcy case, Li fraudulently transferred to Chen two parcels of real property; one located in Milbrae, California, and the other located in Daly City, California. Notwithstanding the transfers, Rosen believed that Li, and presumably his bankruptcy estate, continued to have an interest in the transferred property that necessitated relief from the stay before he could pursue a claim to recover this property in a nonbankruptcy forum.

In his papers filed in support of his relief from stay motion, Rosen explained the source of his lienholder's interest: a judgment dated July 31, 2012, in favor of Spondulix Company, Inc. and against Li and other defendants in the amount of $872,304.95. Spondulix assigned this judgment to Rosen on March 8, 2013 (the "Spondulix Judgment").[2] Prior to the assignment, Spondulix recorded in the official records of Alameda County an abstract of judgment to perfect a judgment lien against the judgment debtors' real property. Of particular note, the form abstract of judgment has a space for the judgment creditor to enter the last four digits of the judgment debtor's Social Security number, but Spondulix checked the box indicating that Li's Social Security number was unknown. Rosen contends that a

---

[2] The relationship between Rosen and Spondulix, if any, is undisclosed.

3

judgment lien arose upon the recording of the abstract and attached to the two parcels Li later transferred to Chen, as well as his remaining leasehold interest.

Li opposed the relief from stay motion by filing a "preliminary" memorandum of points and authorities. Li asserted that the relief from stay motion was duplicative of a prior motion filed by Rosen and his spouse and granted in 2013 (Bk. Dkt., Doc. No. 57). Li further maintained that any fraudulent transfer claims belonged to his bankruptcy estate and thus Rosen lacked standing to pursue those claims (and also to seek relief from stay to pursue those claims). As for the leasehold interest in the restaurant space, Li argued that his interest had no value, so stay relief should be denied.

Li also asserted that Rosen was barred from pursuing the fraudulent transfer claims, and from enforcing the Spondulix Judgment, in light of a settlement agreement between Rosen and Li. Li's chapter 7 trustee was not a party to the settlement agreement. Still, on July 12, 2016, the bankruptcy court had approved the settlement agreement. Pursuant to the settlement agreement, the parties released and resolved all pending claims and actions they held against each other with certain specific exceptions. Significantly, the enumerated exceptions included: (1) Rosen's rights as an assignee of judgment creditor Spondulix; and (2) Rosen's rights, if any, in Li's leasehold interest in the restaurant space.[3]

---

[3] The bankruptcy court subsequently vacated its July 12, 2016 settlement approval order to the extent it could have

(continued...)

4

At the relief from stay hearing, Li raised a new argument. He contended that Spondulix's abstract of judgment was invalid and unenforceable because it did not include Li's Social Security number. Therefore, Li reasoned, there was no basis for relief from the stay. Rosen acknowledged at the hearing that California law required the creditor to include the debtor's Social Security number if known, and that Spondulix indisputably knew Li's Social Security number because it was included in Spondulix's complaint. However, Rosen argued that Li lacked standing to assert the invalidity of the abstract of judgment.

The bankruptcy court was not persuaded by any of Li's arguments. In particular, it was not swayed by the argument that the allegation of a fatal defect in the abstract of judgment was something it should determine as part of the relief from stay motion. Rather, the bankruptcy court noted that either Li, or his former spouse, could raise (and litigate) the validity of his judgment lien as part of whatever state court proceedings followed the granting of relief from stay. The bankruptcy court entered its order granting relief from stay on December 14, 2016.

Li timely filed a motion under Civil Rules 59 and 60 seeking

[3] (...continued)
affected Rosen's rights as Spondulix's assignee. See Order Granting Motion to Set Aside Order Dismissing Adversary Complaint (Sept. 1, 2016) at p. 2. By effectively modifying its settlement approval order in this manner, the court sought to limit the scope and effect of its order to mirror the scope of the parties' settlement and releases set forth in their settlement agreement. That settlement only concerned and resolved Rosen's direct claims against Li and others and their related counterclaims and cross-claims. As set forth above, the settlement agreement specifically excluded the rights Rosen derived from the Spondulix Judgment.

5

reconsideration of the relief from stay order. In the reconsideration motion, Li further developed his argument that the failure to include his Social Security number in the abstract of judgment rendered Spondulix's judgment lien unenforceable under state law. However, the bankruptcy court concluded that the alleged invalidity of the abstract of judgment was insufficient to justify vacating the relief from stay order. The bankruptcy court pointed out that the defect in the abstract of judgment was not newly discovered evidence and that Li obviously knew or should have known of the defect in the abstract of judgment at the time Rosen filed his relief from stay motion. The bankruptcy court also opined that its refusal to determine the validity of the abstract of judgment was not clear error and did not result in a manifest injustice. The bankruptcy court, once again, noted that it was inappropriate to resolve the lien validity issue as part of the relief from stay motion and that this issue could be raised and resolved in state court.

The bankruptcy court denied the reconsideration motion on February 3, 2017. Li timely filed his notice of appeal from both the relief from stay order and the order denying reconsideration.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). Subject to the mootness discussion set forth below, we have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1.   Is this appeal moot?

2.   Did the bankruptcy court abuse its discretion when it
     granted Rosen's relief from stay motion?

6

3. Did the bankruptcy court abuse its discretion when it denied Li's reconsideration motion?

**STANDARD OF REVIEW**

We review mootness issues de novo. McCormack v. Herzog, 788 F.3d 1017, 1024 (9th Cir. 2015); Suter v. Goedert, 504 F.3d 982, 985 (9th Cir. 2007).

We review the bankruptcy court's order on a motion for relief from stay for an abuse of discretion. Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.), 96 F.3d 346, 351 (9th Cir. 1996). We also review the denial of Li's reconsideration motion under Civil Rules 59 and 60 for an abuse of discretion. Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or if its factual findings are illogical, implausible or not supported by the record. Glick v. Edwards, 803 F.3d 505, 508 (9th Cir. 2015) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**A. Mootness Issue.**

Under Article III of the Constitution, federal courts only can hear and decide actual cases and controversies. Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012). A case is constitutionally moot if we determine that there is no effective relief we could provide to the appellant even if he or she were to prevail on the merits. Id.; Giesbrecht v. Fitzgerald (In re

Giesbrecht), 429 B.R. 682, 689 (9th Cir. BAP 2010). Parties advocating that an appeal is moot bear a heavy burden: they must demonstrate that it is impossible to grant meaningful relief. Suter v. Goedert, 504 F.3d 982, 986 (9th Cir. 2007).

A discharge order has been entered in favor of Li. At first glance this appeal appears moot because even if we were to conclude that the bankruptcy court incorrectly granted Rosen's relief from stay motion, reversal of that order would not reinstate the automatic stay – at least the aspects of the automatic stay directly protecting Li and his property. Those aspects of the stay fully and finally terminated upon entry of Li's discharge. See § 362(c)(2)(C). But, one aspect of the automatic stay survives discharge. The stay of acts against estate property continues unless and until "such property is no longer property of the estate." § 362(c)(1); see also Good v. Daff (In re Swintek), 543 B.R. 303, 308 (9th Cir. BAP 2015).

Estate property ceases to be estate property if it is sold, abandoned or returned to the debtor as exempt. 3-362 Collier on Bankruptcy ¶ 362.06[1] (16th ed. 2017). Here, the trustee has not abandoned or sold the estate's interest in the leasehold.[4] Whatever the estate's interests in the fraudulent conveyance claims asserted by Rosen, it is clear that the estate has retained its interests in those claims. In fact, the bankruptcy court entered an order reserving the estate's interest in the

---

[4] In chapter 7 cases, property of the estate is technically abandoned when a scheduled asset passes through bankruptcy without being administered by the chapter 7 trustee upon the closing of the case. See § 554(c). However, this case remains open.

8

subject property.  Consequently, the estate retains its interests in the leasehold interest as well as the fraudulent transfer claims.  Thus, if the relief from stay order were reversed on appeal, at least one aspect of the automatic stay would be reinstated with respect to the subject property.[5]  Accordingly, this appeal is not moot.  Reversal of the order on appeal might result in some meaningful relief in Li's favor.

**B.    Order Granting Relief From Stay.**

Section 362(d) governs relief from the automatic stay. While most creditors seeking to pursue litigation in a nonbankruptcy forum tend to rely on § 362(d)(1), Rosen sought relief to pursue the fraudulent conveyance claims, as well as foreclosure against the leasehold interest, under § 362(d)(2).[6] Section 362(d)(2) directs the bankruptcy court to grant the creditor relief from the automatic stay to pursue acts against estate property or property of the debtor when the debtor has no

---

[5] The parties acknowledged at oral argument that the trustee has subsequently retained Rosen's counsel to join the fraudulent transfer action on behalf of the estate as well.  Nonetheless, Rosen also continues to pursue his fraudulent transfer claims based upon the relief from stay granted by the bankruptcy court. Accordingly, the relief from stay is not moot as to Rosen's ability to maintain the action in his own name.

[6] Section 362(d)(2) authorizes bankruptcy courts to terminate, annul, modify, or otherwise condition such application of the automatic stay with respect to a stay of an act against property if:

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization; . . .

11 U.S.C.A. § 362 (West).

9

equity in the subject property and the property is not necessary for an effective reorganization. See Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985).

Debtors ordinarily litigate equity and the relationship of the asset to reorganization when challenging a relief from stay motion under § 362(d)(2). See In re Johnson, 756 F.2d at 740. However, Li does not argue that these assets were necessary for reorganization, presumably because he commenced a chapter 7 case rather than a chapter 11 or 13 case. See In re Hyatt, 2011 WL 6140736, at *12 & n.40 (Mem. Dec.) (Bankr. D. Idaho Dec. 9, 2011) ("In this chapter 7 case, there is no argument that the Property is needed 'for an effective reorganization' as there is, per force, no reorganization in a liquidation case."). Nor does he directly challenge Rosen's calculation of equity. Instead, Li challenges Rosen's underlying interests in the leasehold interest and the fraudulent transfer claims.

Motions for relief from stay are "summary proceedings" suitable only to ascertain whether the application of the automatic stay should be modified. Id. As such, bankruptcy courts have the discretion to "consider" the defective nature of the creditor's interests within a motion for relief from stay. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 32–34 (1st Cir. 1994), cited with approval in Biggs v. Stovin (In re Luz Int'l, Ltd.), 219 B.R. 837, 842 (9th Cir. BAP 1998). But, motions for relief from stay may not be used to determine the scope and enforceability of a creditor's interest in property of the estate; such issues typically require the commencement of an adversary proceeding. See Rule 7001(2); GMAC Mortg. Corp. v.

10

Salisbury (In re Loloee), 241 B.R. 655, 660 (9th Cir. BAP 1999); Expeditors Int'l of Wash., Inc. v. Citicorp N. Am., Inc. (In re Colortran, Inc.), 218 B.R. 507, 510-11 (9th Cir. BAP 1997).

Relief from stay may be granted so long as the movant establishes a "colorable claim" sufficient to establish his or her entitlement to seek relief from the automatic stay. In re Luz Int'l, Ltd., 219 B.R. at 842; see also Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011). A claim is colorable for relief from stay purposes when there is a "reasonable likelihood" that the creditor has a legitimate claim or lien against the debtor's property. Grella, 42 F.3d at 33. We similarly have defined the term "colorable claim" in this context to mean "a plausible legal claim." Baghdasarian v. SRT Partners, LLC (In re Baghdasarian), 2011 WL 4485244, at *6 (Mem. Dec.) (9th Cir. BAP July 8, 2011); Sardana v. Bank of America (In re Sardana), 2011 WL 3299861, at *5 (Mem. Dec.) (9th Cir. BAP June 7, 2011). A colorable claim "is one 'that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law).'" Budd v. Fid. Asset Mgmt., LLC (In re Budd), 2011 WL 4485190 at *3 n.4 (Mem. Dec.) (9th Cir. BAP July 12, 2011) (quoting Black's Law Dictionary (9th ed. 2009)).

Rosen holds a judgment lien against property of the estate based upon the recorded abstract of judgment. He claims an interest in property that has no equity and is not part of any effort to reorganize. Unless the record unequivocally demonstrates that Rosen was barred from obtaining the requested

11

relief, the bankruptcy court properly granted relief from stay and properly left for another day and another proceeding the issue of lien validity.

**1.    The Settlement Agreement.**

Li claims that relief from stay was erroneously granted because the parties' August 2015 settlement agreement precludes Rosen from any further collection efforts.  While the settlement agreement does include a broad release of claims held by the signatories, it specifically excluded Rosen's rights as Spondulix's assignee.  The settlement agreement also excluded from the release the Rosens' judgment collection efforts directed at Li's leasehold interest in the restaurant space.  The bankruptcy court's July 12, 2016 order approving the settlement neither altered, nor expanded, the scope of the parties' releases.  Indeed, the court effectively clarified that it was not its intent to alter the scope of the parties' releases in its September 1, 2016 order granting Rosen's motion to set aside its order dismissing adversary complaint.  The settlement agreement did not bar Rosen's relief from stay.

**2.    The Alleged Deficiency in the Recorded Abstract of Judgment.**

Li contends that Spondulix failed to comply with the requirements necessary to perfect its judgment and, therefore, there is no secured interest to support Rosen's relief from stay motion.[7]  California law requires creditors to include the last

---

[7] If Rosen had asked for relief from stay under § 362(d)(1), the validity of Rosen's Spondulix judgment lien would have been largely irrelevant, at least for purposes of Rosen's request to
(continued...)

12

four digits of the debtor's Social Security number in the abstract of judgment unless the creditor does not know the debtor's Social Security number. Cal. Civ. Proc. Code ("CCP") § 674(a)(6).[8] In such a case, the creditor must check a box stating that it is unaware of the debtor's Social Security number.

Courts have strictly enforced this statutory obligation. In Keele v. Reich, 169 Cal. App. 3d 1129, 1132 (1985), the California Court of Appeals specifically rejected a creditor's argument that he had substantially complied with the statutory requirements though he failed to list the Social Security number despite identifying such numbers in his complaint. Subsequently,

---

[7](...continued)
pursue state law fraudulent transfer claims against Li's former spouse. Secured creditor status generally is not a prerequisite to obtaining relief under § 362(d)(1) to pursue state court litigation. See, e.g., Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.), 96 F.3d 346, 352-53 (9th Cir. 1996); Kronemyer v. Am. Contractors Indemn. Co. (In re Kronemyer), 405 B.R. 915, 921 (9th Cir. BAP 2009).

[8] The statute provides:

(a) Except as otherwise provided in Section 4506 of the Family Code, an abstract of a judgment or decree requiring the payment of money shall be certified by the clerk of the court where the judgment or decree was entered and shall contain all of the following:

* * *

(6) The last four digits of the social security number and driver's license number of the judgment debtor if they are known to the judgment creditor. If either or both of those sets of numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment.

13

in Alcove Inv., Inc. v. Conceicao (In re Conceicao), 331 B.R. 885, 892-93 (9th Cir. BAP 2005), we upheld a bankruptcy court decision invalidating a lien based upon an abstract of judgment that failed to include the required Social Security number. Based upon these decisions, Li argues that Rosen did not have a valid judgment lien, and relief from stay was, therefore, error.

Rosen does not dispute the holding in Keele. Rather, he relies upon an amendment to CCP § 674 adopted after, and in response to, Keele.[9] As amended, CCP § 674 now provides a procedure for curing by amendment a defect in an abstract of judgment resulting from the omission of the judgment debtor's known Social Security number and driver's license number. The statute as amended states in relevant part that:

> A recorded Amendment to Abstract of Judgment shall have priority as of the date of recordation of the original abstract of judgment, except as to any purchaser, encumbrancer, or lessee who obtained their interest after the recordation of the original abstract of judgment but prior to the recordation of the Amendment to Abstract of Judgment without actual notice of the original abstract of judgment. **The purchaser, encumbrancer, or lessee without actual notice may assert as a defense against enforcement of the abstract of judgment the**

---

[9] The amendment was adopted in "apparent response to Keele v. Reich." 8 Witkin, Cal. Proc. 5th – Enf. Of Judgm. § 70 (2008) (describing and explaining some of the 1988 amendments made in response to Keele); see also 1988 Cal. Legis. Serv. 1411 (West) ("The amendments to Section 674 of the Code of Civil Procedure made by this act are intended to maintain the integrity of the recordation system for interests in real property as discussed in Keele v. Reich, (1985) 169 Cal.App.3d 1129, to preserve the reasonable expectations of all parties asserting interests in real property, and to provide a means for the amendment of abstracts of judgment recorded after the effective date of Chapter 203 of the Statutes of 1978.")

14

> **failure to comply with this section . . . regarding the contents of the original abstract of judgment notwithstanding the subsequent recordation of an Amendment to Abstract of Judgment.**

CCP § 674(b) (emphasis added).

Rosen contends that, as part of this amendment, the California legislature removed judgment debtors from the class of those protected by the statutory requirements for abstracts of judgment. Rosen argues that CCP § 674(b) now precludes judgment debtors from invalidating abstracts of judgment for deficiencies under CCP § 674(a)(6).

Keele was decided before the enactment of the current version of CCP § 674(b) containing the apparent limitation on challenges to the validity of judgment liens. The challenge in Conceicao was actually brought by a bankruptcy debtor. But, as Rosen points out, the bankruptcy court did not specifically address whether the current version of CCP § 674(b) prohibits a judgment debtor from attacking a judgment lien based on the failure to include the judgment debtor's Social Security number and driver's license number in the abstract of judgment.

Spondulix's abstract did not include the last four digits of Li's Social Security number. Rosen further admitted during the relief from stay hearing that this information was known and readily available at the time Spondulix prepared and recorded the abstract of judgment. Keele and Conceicao support Li's arguments that the abstract of judgment upon which Rosen relies for his judgment lien is unenforceable under California law. However, the amendment to CCP § 674(b) upon which Rosen bases his lack of standing argument was adopted after Keele. While Conceicao was

15

decided after the amendment, there is no discussion of the debtor's standing under CCP § 674(b), as amended.[10]

Moreover, neither of the parties, nor this panel, have found any case on point specifically determining whether judgment debtors have standing to pursue actions to invalidate judgment liens notwithstanding the language set forth in CCP § 674(b). And the California Supreme Court, the ultimate arbiter of what CCP § 674 means, has not published any decision covering this issue. Judge Ahart writes in his treatise on enforcement of judgments under California law that: "Regardless of whether an amended abstract of judgment . . . is recorded, only a 'purchaser, encumbrancer or lessee' who obtained an interest in the debtor's property without actual notice of the original abstract may assert the defective abstract as a defense against its enforcement." 6B-3 Alan M. Ahart, Cal. Prac. Guide: Enf. J. & Debt at ¶ 6:187.4 (Rutter Grp. May 2017). The treatise further concludes that, "[t]he judgment debtor is precluded from voiding a defective abstract under CCP § 674(b)." Id. at ¶ 6:187.5.

The limited question on appeal is whether the bankruptcy court abused its discretion in crediting Rosen with a sufficiently colorable judgment lien to warrant relief from the automatic stay. Rosen's admission that Li's Social Security

---

[10] Conceicao took place in the context of an adversary proceeding specifically brought by the bankruptcy debtor to challenge the validity of the subject judgment lien, as contemplated in Rule 7001(2). In this sense, Conceicao supports the bankruptcy court's decision, here, to defer the lien validity issue to an **appropriate** proceeding – something other than the summary proceeding invoked by the filing of Rosen's relief from stay motion.

16

number was readily available and that the number was not included in the abstract of judgment casts doubt upon the enforceability of the Spondulix judgment lien. We recognize that Conceicao upheld the invalidation of a judgment lien very similar to the one Rosen asserts here. We also acknowledge that the policy concerns underlying California's Social Security number requirement, discussed in both Keele and Conceicao, support their holdings. However, neither the cases, nor the policy concerns, negate Rosen's argument as a matter of law that CCP § 674(b) does not permit a judgment debtor to attack the validity of a judgment lien based on the failure to include the judgment debtor's Social Security number in the abstract of judgment. There being a colorable argument for the enforceability of Rosen's judgment lien, the bankruptcy court did not abuse its discretion by terminating the automatic stay to permit enforcement of that judgment lien.[11] Under Grella and In re Luz Int'l, Ltd., the bankruptcy court correctly reserved Li's challenge to the validity of Rosen's judgment lien for another day and another forum.

### 3. The Lack of Equity in the Leasehold Interest and Prior Motion.

Li offers two additional arguments for reversal of relief from stay: (1) the leasehold is worthless; and (2) the matter was decided by a prior motion. With respect to Li's argument that his leasehold interest in the restaurant space is worthless, Li has never explained why this alleged fact precluded relief from

---

[11] We express no opinion on the merits other than to note the plausibility of Rosen's argument.

17

stay.  Contrary to Li's argument, an absence of equity in the leasehold interest is a requirement for granting relief from stay under § 362(d)(2).

As for the alleged duplicative nature of the relief from stay motion, Rosen's October 2016 relief from stay motion was brought solely to enforce his rights as the assignee of the Spondulix judgment.  The 2013 relief from stay litigation between the Rosens and Li did not specifically reference Rosen's rights as Spondulix's assignee.

**4.    Fraudulent Transfer Claims.**

The only other arguments Li has made regarding Rosen's relief from stay motion concern Rosen's asserted right to pursue fraudulent transfer claims against Chen.

**a.    The Timeliness of the Fraudulent Transfer Claims.**

Without citing any relevant authority, Li claimed that any such claims should be considered time barred.  We agree with the bankruptcy court that, to the extent Li's former spouse has a valid statute of limitations defense, *she* may raise such a defense in any subsequent fraudulent transfer lawsuit.  Her potential affirmative defense does not preclude termination of the automatic stay.

**b.    Standing to Bring the Fraudulent Transfer Claim.**

Li additionally posited that only his chapter 7 trustee had standing to bring a fraudulent transfer action against Chen.  On the one hand, "California Civil Code sections 3439.04, 3439.05 and 3439.07 permit creditors to file actions to avoid fraudulent transfers made by the debtor after the creditor's claim arose." JMS Labs Limited (U.S.A.), LLC v. Silver Eagle Labs, Inc. (In re

18

Lockwood), 414 B.R. 593, 602 (Bankr. N.D. Cal. 2008). On the other hand, only a bankruptcy trustee or a debtor in possession typically may assert fraudulent transfer claims once a bankruptcy case is commenced, unless the bankruptcy court grants the individual creditor permission to pursue the claims. Id.; see also City Nat'l Bank v. Chabot (In re Chabot), 100 B.R. 18, 23 (Bankr. C.D. Cal. 1989), aff'd, 131 B.R. 720 (C.D. Cal. 1991), aff'd, 992 F.2d 891 (9th Cir. 1993) (holding that individual creditor may pursue a state law fraudulent transfer cause of action after the bankruptcy trustee abandons that cause of action).[12]

The bankruptcy court here exercised its discretion to permit Rosen to pursue the fraudulent transfer claims. This permission was specifically granted in both the bankruptcy court's 2013 relief from stay order as well as the bankruptcy court's 2016 relief from stay order. If successful, the fraudulent transfer claims would void the challenged transfers and return transferred property to the estate. Indeed, the bankruptcy court's relief from stay orders acknowledged the estate's continuing interest in the fraudulent transfer claims. Its orders specifically provided for the preservation of the estate's interests by restricting Rosen's enforcement, collection and recovery with respect to any

---

[12] Other aspects of In re Chabot have been superseded by statute or disapproved of by subsequent case law, but the portion of In re Chabot addressing the respective authority of individual creditors and the bankruptcy trustee to bring state law fraudulent transfer actions is still good law. See Always There Nursing Care, Inc. v. Frazer (In re Vandevort), 2009 WL 7809927, at *6 & n.8 (Mem. Dec.) (9th Cir. BAP Sept. 8, 2009).

19

fraudulent transfer judgment obtained.[13]

Thus, the bankruptcy court's relief from stay orders authorized Rosen to pursue the fraudulent transfer claims on his own behalf as well as on behalf of the bankruptcy estate. The bankruptcy court confirmed that this was its intent at the hearing on the 2016 relief from stay motion. See Hr'g Tr. (Dec. 1, 2016) at 4:10-22, 9:16-10:2. The bankruptcy court indisputably had the discretion to grant this authority to Rosen. See In re Lockwood, 414 B.R. at 602; see generally Liberty Mut. Ins. Co. v. Official Creditors' Comm. (In re Spaulding Composites, Inc.), 207 B.R. 899, 903 (9th Cir. BAP 1997) ("It is well settled that in appropriate situations the bankruptcy court may allow a party other than the trustee or debtor-in-possession to pursue the estate's litigation.").

In sum, none of Li's arguments on appeal persuade us that the bankruptcy court abused its discretion when it granted Rosen's stay relief motion.

**C.    Order Denying Reconsideration.**

Citing Civil Rule 60(b)(2) and (6), Li argues on appeal that the bankruptcy court should have granted his motion for reconsideration. Neither of these Civil Rule provisions justified relief from the bankruptcy court's stay relief order. Civil Rule 60(b)(2) provides for relief from a judgment based on

---

[13] The chapter 7 trustee did not file a response to Rosen's October 2016 relief from stay motion. However, he did file a conditional non-opposition to the Rosens' April 2013 relief from stay motion. The trustee did not oppose the granting of the April 2013 relief from stay motion so long as any assets recovered by the Rosens in excess of their judgment liens were turned over to the bankruptcy estate.

20

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The bankruptcy court here correctly found that the evidence Li was relying on in support of his reconsideration motion – the content of the Spondulix abstract of judgment – was not newly discovered; it was readily available to Li at the time Rosen filed his relief from stay motion. Consequently, Civil Rule 60(b)(2) did not justify relief from the bankruptcy court's relief from stay order. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987) (holding that, because appellant possessed evidence at time of trial, it was not "newly discovered evidence" for purposes of either Civil Rule 60(b)(2) or Civil Rule 59).

Similarly, Civil Rule 60(b)(6) only applies when "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 939, 941 (9th Cir. 2007). Li has not identified any such circumstances. Furthermore, even if Li had met the foundational requirements for relief under Civil Rule 60(b)(2) or (6), his reconsideration motion was based on the false premise that stay relief was inappropriate in light of the judgment lien validity issue. We already have explained, above, that the bankruptcy court did not abuse its discretion when it granted relief from stay, when it declined to determine the validity of the judgment lien and when it told Li he was free to raise the issue in state court. The same reasoning supports affirmance of the bankruptcy court's order denying Li's reconsideration

21

motion.[14]

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order granting relief from the automatic stay and its order denying Li's reconsideration motion.

---

[14] Li also argued on appeal that the bankruptcy court's equitable powers under § 105 supported reconsideration of the relief from stay order. Whatever equitable powers bankruptcy courts hold must be exercised within the confines of the Bankruptcy Code. <u>Law v. Siegel</u>, 134 S.Ct. 1188, 1194–95 (2014). As we already held, above, the bankruptcy court correctly applied § 362(d)(2) when it granted Rosen's relief from stay motion. Nothing in Li's appeal papers explains how the bankruptcy court could have exercised its equitable powers under § 105 to depart from § 362(d)(2)'s criteria for obtaining stay relief.

22